**LOTTIE MARTIN v. W. H. BURNEY; JAMES WILLIAMS v. W. H. BURNEY.**

34 So. (2nd) 36                                    January Term, 1948
February 24, 1948                                           Division B

*Harry Goodmark,* for appellants.

*Newman T. Miller,* and *Morehead, Pallot, Smith, Green & Phillips,* for appellee.

BARNS, J.:

This appeal involves like proceedings in each of the above named suits, one brought by James Williams against Lee R. Wright and W. H. Burney and the other brought by Lottie Martin against Lee R. Wright and W. H. Burney. The proceedings had below were identical and, therefore, the rulings here in one appeal will govern the other.

We will deal with the Williams case, in which the defendants were sued by reason of injuries received by the plaintiff while a passenger in a taxicab, resulting from a collision between a cab owned by Burney and a car driven by Wright.

After the suit was commenced, Williams executed the following instrument:

"KNOW ALL MEN BY THESE PRESENTS, that I, James Williams, of West Palm Beach, Florida, for my heirs, executors, administrators, successors and assigns for and in consideration of the sum of $250.00 to me paid, the receipt of which is hereby acknowledged, by this instrument AGREE TO FOREVER REFRAIN from instituting, procuring, or in any way aiding any suit, cause of action or claim against Lee R. Wright, Georgia R. Wright and Gulf Insurance Company, and all persons, firms and/or corporation for whose acts or to whom said party or parties might be liable, for damages, costs or expenses growing out of an accident occurring on or about the 5th day of January, 1946, at or near North Olive Avenue and 4th Street, West Palm Beach, Florida, and to save HARMLESS and INDEMNIFY the parties aforesaid from all loss and/or expense resulting from any such suit, cause of action or claim.

"EXPRESSLY RESERVING to the undersigned, however, all right to proceed against any person or persons other than the parties aforesaid.

"AND FOR THE CONSIDERATION AFORESAID, I do further covenant and agree with the said Lee R. Wright, Georgia R. Wright and Gulf Insurance Company that in the event that I release or settle my claim for the said injuries against the said W. H. Burney I will execute and deliver to said Lee R. Wright, Georgia R. Wright and Gulf Insurance Company, legal release for said injuries.

"Signed, sealed and delivered this 7th day of February, 1947.

James Coy Williams (SEAL)"

Thereafter a stipulation was entered into between the attorneys and an order entered thereon by the court, as follows:

## "STIPULATION

"It is hereby stipulated by and between attorneys for plaintiff and for the defendant, Lee R. Wright, that the above entitled cause of action be dismissed with prejudice at

the cost of the plaintiff as to the defendant, Lee R. Wright.

"This 7th day of February, A. D., 1947.

T. Harold Williams,
Attorney for Defendant

Harry Goodmark,
Attorney for Plaintiff"

"ORDER

"This cause coming on to be heard upon stipulation of counsel, and the Court being advised in the premises,

"IT IS ORDERED, ADJUDGED AND DECREE that the above entitled cause of action be and the same is herewith dismissed against Lee R. Wright only with prejudice to and at the cost of the Plaintiff.

"DONE AND ORDERED this the 8th day of February, 1947.

Jos. B. White,
Circuit Judge."

At pre-trial conference upon the foregoing facts, the trial judge entered the following judgment:

"FINAL JUDGMENT

"The parties appeared before the Court at Pretrial Conference, and certain agreements were made and recorded by the Court Reporter, one of which being that this cause be consolidated for trial with Case No. 10,148, between James Williams, as Plaintiff, and W. H. Burney, as Defendant.

"It is the view of the Court that the circumstances agreed to by the parties and relating to the entry of the order of dismissal, with prejudice, against one of the defendants, show a retraxit, and bar further litigation on the subject matter of this suit. See 17 Am. Jur., Sec. 38, p. 80; Sec. 2, p. 57; and Sec. 65, p. 91; Turner v. Fleming, 37 Okla. 75, 130 Pac. 551, 45 L.R.A. (NS) 265.

"Thereupon, IT IS ORDERED AND ADJUDGED that plaintiffs in each of said cases, take nothing by their writs,

and that defendants go hence without day. Court costs are assessed against the plaintiffs.

"DONE AND ORDERED this 21st day of July, 1947.

Jos. B. White,<br>Circuit Judge."

Upon the foregoing judgment the plaintiffs prosecuted this appeal, the cases having been consolidated for trial and the error assigned is as follows:

"The final judgment entered herein is contrary to law."

The question is as to the effect of the execution of the foregoing instruments and the stipulation of the parties and order of the court. It appears that the act of the plaintiff in signing the stipulation was not a "retraxis," operating as an open and voluntary renunciation of right of action, whereby the plaintiff forever lost his cause of action. It is true that the plaintiff stipulated that his cause of action be dismissed "with prejudice." The force and effect of dismissing an action at law "with prejudice" is unknown to the practice in actions on the law. The stipulation will be construed as giving effect to the covenant not to sue, and the judgment will not be given the force and effect of a retraxis. It was not that much.

The release of one joint tort feasor is the release of all, the trial judge treated the foregoing transaction as a release by retraxit. We consider it only a covenant not to sue, therefore the judgment is—

Reversed.

THOMAS, C. J., BUFORD and ADAMS, JJ., concur.