89 So.2d 491 (1956)
ALBERT'S SHOES, Inc., doing business under the trade name of Nankin's, Appellant,
v.
CRABTREE CONSTRUCTION CO., Inc., a Florida corporation, Appellee.
Supreme Court of Florida. Division A.
September 12, 1956.
Harry Goodmark, West Palm Beach, for appellant.
Caldwell, Pacetti, Robinson & Foster and H. Elmo Robinson, West Palm Beach, for appellee.
HOBSON, Justice.
This is an appeal from a summary final judgment for defendant entered by the circuit court.
The complaint alleged that the appellant, Albert's Shoes, Inc., was the lessee of a *492 building located in West Balm Beach and that the east wall of this building abutted upon property owned by the Singer Sewing Machine Company in that city. The Singer Sewing Machine Company employed Paul T. Carney, Inc., as contractor to demolish the store building on its property and to erect a new one in its place. Paul T. Carney, Inc., employed Crabtree Construction Co., Inc., appellee here, as a sub-contractor for the demolition work. The complaint went on to allege that the appellee Crabtree Construction Co., Inc., through its negligence, so damaged the wall of the building of which appellant was lessee that the appellant was injured in its leasehold rights and in its business.
In the fourth defense to its answer, the appellee alleged that the appellant had executed a release to Paul T. Carney, Inc., and a copy of this document was made a part of the answer. Appellee moved for summary judgment, which was granted on the basis of the document set up as a defense.
Appellant contends that the court erred in construing the document executed to Paul T. Carney, Inc., as embracing Carney's sub-contractor, the appellee herein. The instrument in controversy reads as follows:
"Covenant Not To Sue
"Know All Men By These Presents, that Albert's Shoes, Inc., of West Palm Beach, Florida, for its heirs, executors, administrators, successors and assigns, for and in consideration of the sum of Seven Hundred Fifty Dollars ($750.00) to it paid, the receipt of which is hereby acknowledged, by this instrument Agrees To Forever Refrain from instituting, procuring, or in any way aiding any suit, cause of action or claim against Paul T. Carney, Inc. and all persons, firms and/or corporation for whose acts or to whom said party or parties might be liable, for damages, costs or expenses growing out of a demolition occurring on or about the 12th day of May, 1953, at or near 329 Clematis Street, West Palm Beach, Florida, and to save Harmless and Indemnify the parties aforesaid from all loss and/or expense resulting from any such suit, cause of action or claim.
"Expressly Reserving to the under signed, however, all right to proceed against any person or persons other than the parties aforesaid.
"And For The Consideration Aforesaid, it does further covenant and agree with the said Paul T. Carney, Inc. that in the event that it releases or settles its claim for the said damages against the said Crabtree Construction Co., Inc., it will execute and deliver to said Paul T. Carney, Inc. legal release for said damages.
"Signed, Sealed And Delivered this 21 day of June, 1954.
 "Albert's Shoes, Inc.
 "By /s/ Harry E. Albert (Seal)
 as President
 "In the presence of:
 "/s/ Roy L. Ferguson
 "/s/ Harry Goodmark"
We observe at the outset that the trial judge did not err in considering the foregoing instrument a covenant not to sue, rather than a release. In Atlantic Coast Line R. Co. v. Boone, Fla., 85 So.2d 834, 843, we said:
"A release is an outright cancellation or discharge of the entire obligation as to one or all of the alleged joint wrongdoers. A covenant not to sue recognizes that the obligation or liability continues but the injured party agrees not to assert any rights grounded thereon against a particular covenantee."
In that case we also pointed out that a good example of a covenant not to sue would be found in Martin v. Burney, 160 Fla. 183, 34 So.2d 36. The instrument before us in the *493 instant case is almost identical with that which we considered in Martin v. Burney.
It is clear that the appellant covenanted not to sue Paul T. Carney, Inc., for any claim growing out of the matter alleged in the complaint. The difficulty, of course, comes from the inclusion of the language "and all persons, firms and/or corporation for whose acts or to whom said party or parties might be liable for damages, costs or expenses * * *." In the Burney case, the covenant not to sue used the identical language. An insurance company was included as one of the persons specifically named in the covenant. The quoted language was there apparently intended to eliminate the possibility of any recovery over against the persons named, by virtue of any suit instituted by the party who executed the covenant. The situation of the parties here is different, but the language was apparently copied from the instrument quoted in the Burney case.
As we said in Atlantic Coast Line Railroad Company v. Boone, supra, 85 So.2d 834, 842, "The pole star that guides our course in arriving at a safe conclusion in the consideration of documents of this nature is the intent of the parties as expressed in the document itself." We must, of course, consider the entire document in order to ascertain the intention of the parties therefrom, as best we can. If it were not for the final paragraph of the covenant not to sue, we might be convinced that the parties had intended no suit should ever be brought against the Crabtree Construction Co., Inc., as a "corporation for whose acts * * * said party * * * might be liable * * *." The language of the final paragraph, however, persuades us that the parties intended to qualify whatever had been said earlier in the document, and that it was clearly within the contemplation of the parties that after the execution of the covenant a claim by the appellant would still be outstanding against the Crabtree Construction Co., Inc. This conclusion is further supported by the circumstance that earlier in the instrument the only specifically named party was Paul T. Carney, Inc., whereas it is likely that if the parties had intended for the appellant to covenant not to sue Crabtree Construction Co., Inc., it would have been specifically named as were the covenantees in Martin v. Burney, supra.
It follows that the judgment appealed from must be, and it is hereby, reversed and the cause remanded for further proceedings not inconsistent with this opinion.
DREW, C.J., and TERRELL and THORNAL, JJ., concur.