167 So.2d 897 (1964)
Barbara MATHIS, a minor, by her father and next friend, Roswell E. Mathis and Roswell E. Mathis, individually, Plaintiffs,
v.
Herbert W. VIRGIN, Jr., Defendant.
No. 64-343.
District Court of Appeal of Florida. Third District.
October 13, 1964.
Rehearing Denied October 23, 1964.
Ross, Reinhardt & Goodman, Richard M. Gale, Miami, for plaintiffs.
Carey, Terry, Dwyer, Austin, Cole & Stephens and Edward Perse, Miami, for defendant.
Before BARKDULL, C.J., and HORTON and HENDRY, JJ.
BARKDULL, Chief Judge.
The following question has been certified to this court for determination, pursuant to *898 the applicable rule pertaining thereto,[1] to wit:
"Does the satisfaction of a judgment by the plaintiff against the defendant owner and operator of an automobile for injuries received in an automobile accident discharge from liability in a subsequent suit an allegedly negligent defendant physician who treated the plaintiff for the injuries received in that automobile accident, or is the responsibility of the physician as a tort feasor discharged only pro-tanto by virtue of Section 54.28 of the Florida Statutes?"
The circuit judge certified that the question of law above referred to is determinative of the cause; is without controlling precedent in this State; that it can be answered without regard to other issues in the cause and without affecting the jurisdiction of the circuit court or this court; and that an answer to said question will ultimately determine the final disposition of the cause. Therefore, it is our view that same is entitled to an answer. See: Scott v. Scott, Fla. 1950, 45 So.2d 878; Forsyth v. Southern Bell Telephone & Telegraph Co., Fla.App. 1964, 162 So.2d 916.
From the record presented to us, it appears that the question arose out of the following factual situation: The minor plaintiff was injured in an automobile accident when the vehicle in which she was riding [driven by one William Rufus Johnson] collided with a vehicle driven by Frank Leroy Creech. Thereafter, through the plaintiff, Roswell E. Mathis as her next friend, she instituted a common law action, to recover for injuries sustained in said accident, against William Johnson and Julia Johnson, as Guardians of the person of William Rufus Johnson, a minor; and Charles M. Baldwin, as Guardian of the property of William Rufus Johnson; and Julia Johnson, individually; and William Rufus Johnson, a minor, individually; and Myrtle Creech and Frank Leroy Creech, a minor. During the pendency of said cause, the respective parties entered into a stipulation of settlement in said case, which read in part as follows:
* * * * * *
"That the parties to this Stipulation and Petition have entered into an agreement to amicably settle the pending litigation; and that said agreement is to pay an aggregate amount of EIGHTY FIVE HUNDRED DOLLARS ($8,500.00) * * *.
* * * * * *
"* * * the parties hereto request the court to enter an order approving this stipulation in accordance with applicable statutes, and authorize ROSWELL E. MATHIS to accept and collect the amount of said settlement and to execute whatever satisfactions, releases and other documents or instruments are necessary to effect a full and final release and settlement of this matter * * *." [emphasis added]
* * * * * *
This stipulation of settlement was confirmed by a court order[2] and, thereafter, a final judgment was rendered pursuant to the stipulation, which was ultimately satisfied. Subsequently, the instant common law action was commenced in the trial court to recover damages from the defendant herein *899 for alleged negligence in the treating of the injuries sustained by the minor plaintiff as a result of the tortious conduct of the aforesaid Frank Leroy Creech and William Rufus Johnson.
The defendant affirmatively alleged, as a total defense, that the aforementioned judgment and satisfaction against William Johnson and Julia Johnson, as Guardians ad Litem of William Rufus Johnson, a minor; and Julia Johnson, individually; and William Rufus Johnson, a minor, individually, barred the plaintiffs' suit in the instant case. This contention on the part of the defendant in the trial court was met by an assertion by the plaintiffs that the common law had been abrogated by the enactment of § 54.28, Fla. Stat., F.S.A., and that the most the defendant was entitled to was a pro tanto release, which prompted the certification of the question to this court.
Undoubtedly, without the enactment of § 54.28, Fla. Stat. in 1957, F.S.A., this cause would be controlled by the decision in Feinstone v. Allison Hospital, 106 Fla. 302, 143 So. 251, in accordance with the general authorities. See: Louisville & N.R. Co. v. Allen, 67 Fla. 257, 65 So. 8, L.R.A. 1915C, 20; Martin v. Burney, 160 Fla. 183, 34 So.2d 36; Davidow v. Seyfarth, Fla. 1952, 58 So.2d 865; Atlantic Coast Line R. Co. v. Boone, Fla. 1956, 85 So.2d 834, 57 A.L.R.2d 1186. However, by the enactment of § 54.28, Fla. Stat., F.S.A., it is apparent that a joint tort feasor is only pro tanto released by the release of another joint tort feasor. It is clear that the voluntary settlement and release of rights and satisfaction of the judgment rendered on the stipulation in the prior case was no more than a release under the statute, notwithstanding that its ultimate form was that of a judgment duly satisfied. Therefore, it came within the terms of the statute and could only be pleaded as a pro tanto release and not a release in bar. This is particularly true when the judgment rendered was reached upon a voluntary settlement between the parties, as distinguished from a judgment rendered upon a dispute as to issues and as to amount of damages. The effect of such a judgment [where the party injured chose to sue only one of several joint tort feasors] was not called upon to be answered by this opinion and same is not to be construed as ruling upon said point at this time.
Therefore, for the reasons stated above and in response to the question propounded upon the record as presented in this case, we advise the trial court that the satisfaction of judgment in the prior action upon a settlement of the cause is not a complete bar to the cause before him, but is simply a release that comes within the purview of § 54.28, Fla. Stat., F.S.A., and that the liability of the defendant was only pro tanto released.
NOTES
[1] Rule 4.6, Florida Appellate Rules, 31 F.S.A.
[2] "ORDER APPROVING STIPULATION AND PETITION FOR SETTLEMENT FOR MINOR PLAINTIFF

* * * * *
"CONSIDERED, ORDERED AND ADJUDGED that all of the foregoing stipulations are approved and adopted by this order and ROSWELL E. MATHIS is hereby authorized to make settlement of this claim, without bond, on behalf of the minor plaintiff, BARBARA ANN MATHIS and execute any and all satisfactions, releases and other documents or instruments necessary to effect a full and final release and settlement of this matter on behalf of BARBARA ANN MATHIS."
* * * * *