247 So.2d 727 (1971)
Leroy E. TALCOTT, Jr., and Donald Andrus, Appellants,
v.
CENTRAL BANK AND TRUST COMPANY, a Florida Banking Corporation, As Guardian of the Property of Ellen Morgan Holl and Bill Colson, Appellees.
No. 70-353.
District Court of Appeal of Florida, Third District.
April 27, 1971.
Rehearing Denied June 4, 1971.
*728 Quarles & Mills, So. Miami, for appellants.
Pallot, Poppell, Goodman & Shapo, Podhurst, Orseck & Parks, Miami, for appellees.
Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
PER CURIAM.
The question presented by this appeal is whether the trial court was correct as a matter of law in holding that a limited satisfaction from judgment of one of several tort-feasors executed for consideration by a judgment creditor was a release within the purview of F.S. § 768.041 F.S.A. (Formerly F.S. § 54.28, F.S.A.) and not a satisfaction of the judgment. The trial judge in an extensive and able opinion has set forth the factual background in the following quoted paragraphs.
"This is an action for declaratory judgment. On April 21, 1967, in a medical negligence action, a Dade County Circuit Court jury returned a verdict in favor of Ellen Morgan Holl, by her guardian Central Bank and Trust Company, in the amount of $1,500,000 (One million five hundred thousand dollars) against Victoria Hospital, Inc., and two surgeons, Dr. Donald Andrus, and Dr. Leroy E. Talcott, Jr. Judgment was entered on April 24, 1967. Post-trial motions were denied on July 19, 1967 (case no. 62 L 2964).
"Thereafter, extensive settlement negotiations were conducted. No settlement could be reached between the surgeons  the plaintiffs here  and the guardian. On the other hand, negotiations between the trial counsel for Mrs. Holl and the hospital and its insurance carrier were more fruitful. A proposed settlement was reached and trial counsel then filed a "Petition for Partial Settlement of Claims" in the County Judges' Court in August of 1967 in the guardianship proceedings.
"The petition showed that settlement negotiations with the hospital had resulted in a tentative offer of $300,000 by the hospital's insurance carrier which represented the limits of their coverage, plus an additional $9,000 a year for twenty years, or $9,000 a year each year for the life of Mrs. Holl, whichever were longer. In short, payment of the $9,000 per year for at least twenty years was guaranteed even if Mrs. Holl were to die before that time.
"The petition for settlement specifically provided that no settlement was made with the surgeons and that upon approval by the Court and payment of the $300,000 and consummation of this settlement with the hospital, a satisfaction of judgment would be given to the hospital.
"The County Judges' Court (case no. 48170) approved the settlement by order *729 dated August 2, 1967. The settlement order provided as follows:
ORDERED AND ADJUDGED
`1. The Settlement Proposal in said Petition is hereby approved, and the guardian bank and trial attorneys are authorized to accept from Victoria Hospital, Inc. the following terms:
`A) The hospital will pay through its insurance carriers the sum of $300,000.00 in cash with the representation that said insurance is the entire amount of protection owned by the hospital covering these personal injuries.
`B) The hospital will make further payments of $9,000.00 per year during the lifetime of Ellen Morgan Holl, the ward. These payments will be made for a guaranteed number of twenty years even if she would die before twenty years.
`C) The first such annual payment shall be on January 1, 1968; shall bear no interest; shall be secured by a usual promissory note, and a third mortgage on the real estate of the hospital which mortgage may provide for subordination to a later institutional mortgage.
`D) Upon payment of the above $300,000.00 and delivery of the above documents the hospital shall be given a satisfaction of judgment.
`2. No settlement is made at this time with the surgeons referred to in the Petition, but the guardian and the trial attorneys are allowed to accept the $10,000.00 as partial payment paid by the insurance carrier for the surgeons.
`3. The trial attorneys are granted permission not to file an appeal against the anesthesiologist mentioned in the Petition, and shall pay out of this settlement the court costs assessed in his behalf.
`4. That from the proposed settlement income of $310,000.00 the following payments be made:
`A) The guardian bank shall be paid immediately $150,000.00.
`B) The court costs of defendant anesthesiologist be paid out of the balance.
`C) The costs advanced by the trial attorneys of $20,176.10 be reimbursed out of the balance.
`D) That all unpaid medical bills of the ward up to August 1, 1967 be paid out of the balance.
`E) The sum remaining after the above payments from the cash payments of $310,000.00 shall be paid to the trial attorneys for attorneys' fees of the trial and the appeals.
`F) That the further annual payments of $9,000.00 per year so long as they shall be divided by paying $5,000.00 to the guardian bank and $4,000.00 to the trial attorneys.
`Any further cash received under the County Judges' ruling, whether in the nature of court costs or further settlement against the hospital or doctors, shall be distributed between the trial attorneys and the guardian bank, and shall be according to the contract fee unless a lesser amount shall be ordered by the County Judge.
`5. The trial attorneys are instructed to pursue all further rights of the ward.
DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 2 day of August, 1967.
 Frank B. Dowling
 County Judge'
"In the meantime, the surgeons prosecuted an appeal on the merits from the medical negligence judgment against them, and also instituted this action for declaratory judgment, claiming that consummation of the settlement between Mrs. Holl's guardian and the hospital resulted in a discharge of their judgment liability, on the theory that execution of the limited satisfaction as to Victoria Hospital, was in *730 reality a satisfaction of judgment in favor of a joint judgment debtor, and resulted in a satisfaction of the judgment as to them. In all events, they sought a declaration of their rights as affected by the instrument. Annexed to their complaint were copies of the final judgment in the medical negligence action, and the settlement document, or so-called "Satisfaction" executed by the guardian and trial counsel for Mrs. Holl, pursuant to order of the County Judges' Court. That document in toto reads as follows:
 ELLEN MORGAN HOLL, an
 incompetent, by her guardian,
 CENTRAL BANK & TRUST CO.,
 Plaintiff,
 vs.
 LEROY E. TALCOTT, JR.
 DONALD ANDRUS, GEORGE CURTIS AUSTIN and VICTORIA
 HOSPITAL, INC.,
 Defendants.
SATISFACTION OF JUDGMENT AS TO DEFENDANT VICTORIA HOSPITAL, INC.
KNOW ALL MEN BY THESE PRESENTS, that in consideration of the sum of THREE HUNDRED THOUSAND ($300,000.00) Dollars and an Annuity Contract agreeing to pay the sum of NINE THOUSAND ($9,000.00) DOLLARS annually for the life of the incompetent, Ellen Morgan Holl, or for a period certain of twenty (20) years, whichever shall be the longer, beginning on January 1, 1968, receipt of which is hereby acknowledge, Central Bank and Trust Company, Guardian of the property of Ellen Morgan Holl, and BILL COLSON of the law firm of Nichols Gaither Beckham Colson Spence & Hicks, attorneys of record for the plaintiff, do hereby acknowledge full and complete satisfaction of that certain final judgment against the defendant, VICTORIA HOSPITAL, INC., only, which judgment is dated April 24, 1967, and recorded in Circuit Court Minute Book 822 at page 124 on April 25, 1967. This instrument shall in no way release or satisfy this same Final Judgment above mentioned as it applies to the defendants, LeRoy E. Talcott, Jr., and/or Donald Andrus or their heirs or assigns.

IN WITNESS WHEREOF, the said Central Bank & Trust Co. (Guardian of the Property of Ellen Morgan Holl, by its Trust Officer) and BILL COLSON have hereunto set their hands and seals at Miami, Dade County, Florida, this 23rd day of August, 1967.
"A motion to dismiss by the declaratory judgment defendants, the guardian Central Bank and Trust Company and Bill Colson, Mrs. Holl's trial attorney, originally was granted, but the Third District Court of Appeal reversed in Talcott v. Central Bank and Trust Co., Fla.App. 1969, 220 So.2d 411, holding that the complaint entitled the plaintiffs procedurally to a declaration of their rights, regardless of whether or not they could succeed in their contentions on the merits.
"In their ensuing answers and amended answers, the defendants did not deny execution of a limited satisfaction and at a final hearing, Drs. Andrus and Talcott specifically denied that they had notice of the settlement proceedings in the County Judges' Court.
"At the final hearing, it was also shown by expert actuarial testimony on behalf of the defendants, through an eminently qualified expert, that under the settlement agreement, it was possible to compute the amount remaining on the $1,500,000.00 judgment after consummation. In other words, after deduction of the judgment debt in the amount of $300,000.00 upon payment by the hospital, and its carrier, and upon reduction to present money value of the $9,000.00 annual payment for the life expectancy of Mrs. Holl  which was the longer of the two possible periods  the amount remaining due on the judgment would be $1,329,780.00. This figure indeed *731 was somewhat beneficial to the plaintiffs here, in that it ignored interest on the total judgment from April 24, 1967 through the settlement of August, 1967. It also contemplated that Mrs. Holl would live her normal life expectancy of 33.52 years from the time of settlement, thus giving the plaintiff the benefit of the longer alternative period for which settlement payments would be forthcoming."
From these facts the trial judge held that the execution of the limited satisfaction was only a release within the purview of F.S. § 768.041, F.S.A. The statute, which is set out in full below,[1] has as its obvious purpose the accomplishment of the result that the trial judge has found in those situations where the satisfaction is given prior to final judgment. We must determine if it is reasonably applicable to the situation as set out by the trial judge.
Appellants present two points on appeal. The first urges that F.S. § 768.041, F.S.A. is not applicable to this satisfaction because it was given after judgment and that the common law rule set forth in Atlantic Coast Line Railroad Company v. Boone, Fla. 1956, 85 So.2d 834 is applicable. In Mathis v. Virgin, Fla.App. 1964, 167 So.2d 897, this court dealt with the effect of this statute when it said:
"However, by the enactment of § 54.28, Fla. Stat., F.S.A., it is apparent that a joint tort feasor is only pro tanto released by the release of another joint tort feasor. It is clear that the voluntary settlement and release of rights and satisfaction of the judgment rendered on the stipulation in the prior case was no more than a release under the statute, notwithstanding that its ultimate form was that of a judgment duly satisfied."
We recognize that the position quoted from Mathis v. Virgin, supra, is in explanation of, rather than as a statement of the holding in that case. In Mathis, this court answered a certified question holding that the satisfaction of a judgment by the plaintiff against the owner and operator of a vehicle for injuries received in an automobile collision did not discharge from liability a physician, defendant in a subsequent suit for allegedly negligent treatment of plaintiff for injuries incurred in the collision. Is there any reason why a settlement with one tort-feasor in the form of a satisfaction given after suit against that tort-feasor but before suit against the second should be within the statute so that only one is released when a contrary result is reached if the partial satisfaction is given after judgment against both?
Appellants rely upon the language of the statute which is admittedly in derogation of the common law. Atlantic Coast Line Railroad Company v. Boone, supra; Louisville & N.R. Co. v. Allen, 67 Fla. 257, 65 So. 8 (1914). As appellants point out, the statute does not say "satisfaction." It says "release or covenant not to sue." The trial judge was cognizant of this discrepancy in terminology and in considering the facts of the instant case he found:
"The case here, however, shows a clear intent to partially satisfy the judgment only. The instrument itself is only a "partial satisfaction" and specifically reserves *732 against the plaintiffs the balance of the judgment after payment by the hospital. In no way, shape or form does the instrument suggest that the settlement with the hospital was payment in full of the judgment. Insofar as the plaintiffs are concerned, this instrument operates as a partial release or partial satisfaction only, coupled with an agreement not to pursue the hospital for the remainder. A partial satisfaction of judgment does not satisfy an entire judgment."
We think that this finding upon the facts of this case is supported by reason. In addition, as the court pointed out in its opinion: (1) The litigation was not ended because the hospital gave up its rights to an appeal, (2) the proceedings in the County Judges' Court clearly proved that it was not the intention of the parties to settle the entire judgment.
The question then is restricted to a situation where the parties do not intend a full satisfaction but intend a release from the judgment for a consideration. We must decide whether the law of this state allows such a partial satisfaction and release or whether the common law rule is still virile enough to force the parties to a satisfaction of all judgment debtors because of appellee's release of one debtor. Appellants suggest that there is reason for such a result. It is argued that it is the intent of a joint judgment against several individuals to require the individuals to respond jointly and when there is a settlement with one such debtor for much less than the full amount of the judgment, the result is that the remaining debtors are saddled with the bulk of a judgment which was intended to be shared by all.
This result is surely possible but it is not necessarily unjust or unintended since the judgment holder always had the right to pursue any one judgment debtor for the entire amount of the judgment. One Hundred Seventy Second Collins Corporation v. Rosene, Fla.App. 1969, 222 So.2d 444. We agree with the trial judge that there is no reason to require the appellee here to release all the judgment debtors in order to release one unless the law is so set in this factual situation that a contrary result cannot be allowed without doing violence to established principles.
In an in depth discussion of the problem the Maryland Court of Appeals has stated the restatements view in Trieschman v. Eaton, 224 Md. 111, 166 A.2d 892 (Md. App. 1961).
"Restatement, Judgments, Sec. 95, says in the black letter statement that satisfaction of a judgment against one of several persons, each of whom is liable for a tort, discharges the others but observes in Comment e: `A partial satisfaction of a judgment operates to diminish the amount of a claim against other persons liable for the same harm or upon the same obligation in the same way that a payment before judgment diminishes the claim.' Restatement, Torts, Sec. 886, the black letter tort counterpart of Sec. 95 of Restatement, Judgments, says in Comment d that a partial satisfaction of a judgment diminishes the amount of a claim against another judgment debtor in the same way as payment by one liable for a harm diminishes claims against others also liable for the harm, whether or not represented by judgment, as explained in Sec. 885(3). Sec. 885 provides in (1) that a valid release of one tortfeasor, reserving no rights against others, discharges all others liable for the same harm. Sec. 885(3) says: `Payments made by one tortfeasor on account of a harm for which he and another are each liable, diminish the amount of the claim against the other whether or not it was so agreed at the time of payment and whether the payment was made before or after judgment; the extent of the diminution is the amount of the payment made, or a greater amount if so agreed between the payor and the injured person."
*733 We think that the legislature has set a progressive pattern that was properly followed by the trial judge in this case. We hold that whereas in this case, it is clear that the parties did not intend a full satisfaction of a judgment against more than one tort-feasor and a partial satisfaction or release as to one judgment debtor is effected during the progress of appeal from the judgment then the partial satisfaction or release is effective under F.S. § 768.041, F.S.A., as a pro tanto release only of the judgment. See Hulke v. International Manufacturing Co., 14 Ill. App.2d 5, 142 N.E.2d 717 (1957); Trieschman v. Eaton, 224 Md. 111, 166 A.2d 892 (Md. App. 1961); Broadway Plan v. Ravenstein, 364 S.W.2d 741 (Tex.Civ. App. 1963); United States v. Silliman, 167 F.2d 607 (3rd Cir.1948).
Appellants' second point urges that even if the trial judge should be found to have correctly applied the law as to the partial satisfaction, that he should not have allowed the result where the partial satisfaction was approved at a proceeding in the county judges' court where the appellants were not given notice of the proceeding. This position is not effective to show reversible error because the appellants had no proper function to perform in the guardianship proceeding. That proceeding was concerned solely with the rights and welfare of the ward. Appellants' rights to their day in court was afforded to them in the circuit court. They had no interest to pursue in the guardianship. They could not properly have been heard in the proceedings before the county judge to either support or oppose the proposed action for the benefit of the ward. If the appellants' rights were to be affected it could only be by the application of the common law rule to the accomplished partial satisfaction.
We do not think that it is our function on this appeal to announce a new rule. We should and will go only so far as is necessary to decide this appeal. We hold therefore that under the circumstances of this partial satisfaction and the facts found by the trial judge, the partial satisfaction did not operate as a discharge of the judgment.
Affirmed.
NOTES
[1] 768.041 Release or covenant not to sue

(1) A release or covenant not to sue as to one (1) tort-feasor for property damage to, personal injury of, or the wrongful death of any person shall not operate to release or discharge the liability of any other tort-feasor who may be liable for the same tort or death.
(2) At trial if any defendant shows the court that the plaintiff, or any person lawfully on his behalf, has delivered a release or covenant not to sue to any person, firm or corporation in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment and enter judgment accordingly.
(3) The fact of such a release or covenant not to sue, or that any defendant has been dismissed by order of the court, shall not be made known to the jury.