HERSEY, Judge.
Volkswagen of America, Inc., appeals a summary final judgment entered on its third-party complaint seeking contribution from joint tortfeasors pursuant to section 768.31, Florida Statutes, the “Uniform Contribution Among Tortfeasors Act.” We reverse.
In the aftermath of a tragic two-vehicle accident causing death and personal injuries, Barry C. Emerson obtained a final judgment for damages for the death of his wife, and he and his children were also awarded damages for the children’s personal injuries. That aspect of the judgment pertaining to personal injuries has been satisfied and is not in issue. The judgment for damages for wrongful death was in two parts: the first in the amount of $250,000 was entered against the driver, owner, and insurer of the offending vehicle, and the driver’s employer; the second part in the amount of $830,150 omits the vehicle’s insurer as a judgment debtor. A partial satisfaction of judgment acknowledged receipt of $250,000 applicable only to the first part of the judgment. The second part of the judgment has not been satisfied.
Emerson subsequently filed suit against appellant, Volkswagen, seeking to recover damages for the wrongful death of his wife on theories of negligence, implied warranty and strict liability. Volkswagen’s attempt to bring in the initial tortfeasors as third-party defendants in order to compel contribution resulted in the summary final judgment appealed. In addition, the trial court precluded appellant from taking discovery of the third-party defendants and that aspect of the lower court proceedings is also brought up for review.
There is involved here no release, covenant not to sue or covenant not to enforce judgment. The legal issue is simply the effect of a partial satisfaction of judgment under the statute. That satisfaction extinguished the liability of Bankers and Shippers Insurance Company and we therefore affirm the summary final judgment as to it.
Talcott v. Central Bank and Trust Company, 247 So.2d 727 (Fla. 3d DCA 1971), cert. discharged, 262 So.2d 658 (Fla.1972), is instructive as to the liability of the remaining appellees. In that case a partial satisfaction of judgment was held to operate as a partial release only for the purpose *348 of applying section 768.041(2), Florida Statutes. The same rationale applies here. There has been no satisfaction of the second phase of the final judgment against the initial tortfeasors. Thus, the issue of their liability for contribution has not been foreclosed. The summary final judgment was therefore erroneously entered and we reverse. The order granting the motions for protective orders is similarly reversed.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DOWNEY and WALDEN, JJ., concur.