673 So.2d 503 (1996)
STANDARD FISH COMPANY, LTD., Appellant,
v.
7337 DOUGLAS ENTERPRISES, INC., Appellee.
No. 95-943.
District Court of Appeal of Florida, Third District.
April 17, 1996.
Rehearing Denied June 5, 1996.
*504 Suzan Jon Jacobs, for appellant.
George, Hartz, Lundeen, Flagg & Fulmer, and Esther E. Galicia, for appellee.
Before LEVY, GERSTEN and FLETCHER, JJ.
GERSTEN, Judge.
Appellant, Standard Fish Co., Ltd. ("Standard"), appeals an order granting summary judgment in favor of appellee, 7337 Douglas Enterprises, Inc. ("Douglas"). We affirm, finding that the cause of action is barred by the economic loss rule.
Standard contracted with Custom Cold Storage and Services, Inc. ("Custom Cold") for the cold storage of its fish at Custom Cold's warehouse. The warehouse was owned by Douglas who leased the space to Custom Cold.
In December of 1992, Standard placed multiple shipments of fish in cold storage at Douglas's warehouse, under a contract for storage with Custom Cold. The contract for storage contained insurance and liability provisions which provided:
Goods are not insured nor do storage rates include insurance unless so specified in writing....
. . . . .
This company shall not be responsible for shrinkage in weights, nor for loss or damage to goods resulting from improper packaging and inherent qualities of the goods, nor shall it be liable for any loss, depreciation in value, or delay in delivery or receiving of any property due to fire, water, sprinkler leakage, windstorm, moths, depredation by rats, mice or vermin, acts of providence....
According to Standard, the fish products placed in the warehouse were spoiled due to repeated exposure to harmful conditions. This resulted in the Florida Department of Agriculture issuing a stop-sale order barring Standard from selling the fish.
Standard brought suit against multiple parties including Custom Cold and Douglas. The complaint alleged negligence against Douglas and theories of negligence, fraud in the inducement, misrepresentation, breach of contract, and breach of implied contract against Custom Cold. Custom Cold and Douglas moved for summary judgment on the negligence count based on the economic loss rule, and the trial court granted the motion. Standard appeals the trial court's order granting Douglas's motion for summary judgment.
Once again, we are confronted with the oftentimes acrimonious debate over whether contract law is more appropriate than tort law in resolving a legal dispute. Once again, we reiterate that where a plaintiff seeks purely economic losses, defined as "damages for inadequate value, cost of repair and replacement of the defective product, or consequent loss of profitswithout any claim for personal injury or damage to their property," the plaintiff's recovery is limited to contractual remedies. Casa Clara Condominium Ass'n, Inc. v. Charley Toppino & Sons, Inc., 620 So.2d 1244, 1246 (Fla.1993); see Florida Bldg. Inspection Servs., Inc. v. Arnold Corp., 660 So.2d 730 (Fla. 3d DCA 1995); Palau Int'l Traders, Inc. v. Narcam Aircraft, Inc., 653 So.2d 412 (Fla. 3d DCA), rev. denied, 661 So.2d 825 (Fla.1995).
Here, it is undisputed that Standard did not sustain any personal injury or damage to property outside its storage contract with Custom Cold. Absent personal injury or property damage, Standard's remedy for the failure to receive the benefit of its bargain (i.e., cold storage of its fish products) lies in contract, not in tort. AFM Corp. v. Southern Bell Tel. & Tel. Co., 515 So.2d 180 *505 (Fla.1987); Florida Power & Light Co. v. Westinghouse Elec. Corp., 510 So.2d 899 (Fla.1987).
Moreover, we note that Standard has adequate contractual and statutory remedies against Custom Cold that it is currently pursuing, and that Standard also had the ability to independently protect itself by purchasing insurance as suggested in the contract for storage. Under these circumstances, we find no justification for expanding negligence law to provide Standard with a remedy against Douglas "without consideration, that is of longer duration and financial impact than the remedy [Standard] contracted for with [Custom Cold] in the first place. Such a result would be contrary to the well established policy of limiting recovery in contract actions to damages which were within the contemplation of the parties." Palau Int'l, 653 So.2d at 416; see Sandarac Ass'n, Inc. v. W.R. Frizzell Architects, Inc., 609 So.2d 1349 (Fla. 2d DCA 1992); GAF Corp. v. Zack Co., 445 So.2d 350 (Fla. 3d DCA), rev. denied, 453 So.2d 45 (Fla.1984); American Universal Ins. Group v. General Motors Corp., 578 So.2d 451 (Fla. 1st DCA 1991).
Affirmed.