686 So.2d 760 (1997)
ALL AMERICAN SEMI CONDUCTOR, INC., Appellant,
v.
MIL-PRO SERVICES, INC., etc., et al., Appellees.
No. 96-1299.
District Court of Appeal of Florida, Fifth District.
January 17, 1997.
David W. Trench and Thomas F. Carr of Rubin, Baum, Levin, Constant, Friedman & Bilzin, Miami, for Appellant,
*761 Roland A. Sutcliffe, Jr. and Charles B. Costar, III, of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for Appellee, Bytek Corporation.
No Appearance for Appellee, Mil-Pro Services, Inc.
HARRIS, Judge.
The issue in this case is whether microchips destroyed in the unsuccessful attempt to program them constitute "other property" so that an action for negligence for their loss is excluded from the economic loss rule. Under the facts of this case, we agree with the trial court that the economic loss rule applies and affirm.
All American Semiconductors, Inc.(All American) owned microchips that it desired to be programed. All American contracted with Mil-Pro Services, Inc. (Mil-Pro) to program its microchips. In order to perform the programming, Mil-Pro used a machine that it had purchased from Bytek Corporation (Bytek) which Bytek had designed and manufactured. Mil-Pro's efforts to program the microchips failed and the microchips were destroyed in the process. In addition to suing Mil-Pro for breach of contract, All American also alleged that the negligent design or manufacture of the Bytek machine caused the loss of its microchips and sought damages for negligence. It is the dismissal of that claim that is the subject of this appeal.
All American claims that the faulty machine designed and manufactured by Bytek did more than damage itself: it also destroyed the microchips which were "other property" thus bringing this transaction under the exception to the economic loss rule as set out in Casa Clara Condominium Association, Inc. v. Charley Toppino and Sons, Inc., 620 So.2d 1244 (Fla.1993). All American misses the point. All American merely contracted with Mil-Pro to deliver it programmed microchips. Instead, it received back its microchips unprogrammed and destroyed. It lost the benefit of its bargain with Mil-Pro. Its damages are the cost of replacement and proper programming of its microchips and perhaps loss occasioned by its not being able to timely meet its contractual obligations because of not timely receiving programmed microchips. But Mil-Pro's programming efforts destroyed nothing more than the microchips which were to be programmed. And the Bytek machine, just as the concrete in Casa Clara became a part of the living unit purchased by the condominium owners, became an integral part of the programming services purchased by All American in this case. In this sense, the microchips are not separate (other) property which would take this transaction out of the operation of the economic loss rule.
In Standard Fish Company, Ltd. v. 7337 Douglas Enterprises, Inc., 673 So.2d 503 (Fla. 3d DCA 1996), Standard contracted with Custom Cold Storage and Services, Inc. for cold storage of its fish. Cold Storage performed its services in a facility it rented from Douglas. Because the fish products were spoiled because of being repeatedly exposed to harmful conditions, Standard sued Douglas (as well as Cold Storage) under a negligence theory apparently because the facilities were either inadequate or improperly maintained. The Court affirmed a summary judgment in favor of Douglas holding:
Here, it is undisputed that Standard did not sustain any personal injury or damage to property outside its storage contract with Custom Cold. Absent personal injury or property damage, Standard's remedy for the failure to receive the benefit of its bargain (i.e., cold storage of its fish products) lies in contract, not in tort. (Emphasis added.)
We see the microchips in this case in the same position as the stored fish in Standard, and agree with the conclusion of the Third District.
AFFIRMED.
COBB and THOMPSON, JJ., concur.