W. SHARP, Judge.
All American Semiconductors, Inc., appeals from an order dismissing its amended third party complaint against Bytek Corporation. In this proceeding, All American is suing Bytek as the assignee of Mil-Pro Services, Inc., another party to this dispute. The trial court concluded that a settlement agreement between All American and Mil-Pro released Mil-Pro from any liability to All American, and without exposure to damages to All American, Mil-Pro and its assignee have no cause of action against Bytek. We disagree and remand the case for further proceedings.
This case arose after a programming device allegedly destroyed computer microchips owned by All American. In 1992, All American received an order for microchips which had to be programed prior to use. All American retained Mil-Pro to program its microchips. In turn, Mil-Pro purchased a programmer from Bytek Corporation to program the microchips. The microchips were allegedly damaged and rendered useless by the Bytek programmer.
All American filed suit against Mil-Pro; Mil-Pro, in turn, filed a third party complaint against Bytek. All American later filed an amended complaint against Mil-Pro for breach of contract and negligence and against Bytek for negligence and strict liability. Bytek moved to dismiss the negligence and strict liability counts, claiming they were barred by the economic loss rule. The trial court agreed and dismissed All American’s claims against Bytek. All American appealed and this ruling was upheld. All American Semi Conductor, Inc. v. Mil-Pro Services, Inc., 686 So.2d 760 (Fla. 5th DCA 1997).
Several months later, All American and Mil-Pro entered into a settlement agreement in which Mil-Pro assigned its cause of action against Bytek to All American. The agreement provides in part as follows:
1. Mil-Pro hereby assigns any and all causes of action it has, or may have, against Bytek (the “Claims”) and consents to All American prosecuting the Claims against Bytek.
2. All American, at its expense, shall be permitted to prosecute the Claims in Mil-Pro’s name for the purpose of providing All American with a recovery for damages All American sustained in connection with the programming of All American’s microchips by Mil-Pro.
8. Mil-Pro agrees that it is liable to All American for all damages All American sustained in connection with Mil-Pro’s programming of All American’s microchips and that any recovery achieved in Mil-Pro’s name against Bytek shall be paid, delivered or transferred by Mil-Pro to All American.
4. All American agrees that Mil-Pro’s liability to All American shall be satisfied by payment if any delivery or transfer by Mil-Pro to All American of Mil-Pro’s recovery for the Claims. Mil-Pro does not warrant any recovery, (emphasized words hand written)
In the name of Mil-Pro, All American then filed an amended third party complaint against Bytek for fraudulent/negligent misrepresentation, breach of express warranty, breach of the implied warranty of merchantability and breach of the implied warranty of fitness for a particular purpose. Bytek moved to dismiss the complaint, alleging that the settlement agreement had effectively released Mil-Pro from any liability and without such liability, there was no cause of action.
We conclude that the settlement agreement and assignment do not extinguish Mil-Pro’s liability. Rather the transaction is simply an assignment of a cause of action in exchange for an agreement on the part of All American not to sue Mil-Pro. See Albert’s Shoes, Inc. v. Crabtree Construction Co., 89 So.2d 491 *1124 (Fla.1956). Clearly a party may assign its cause of action to another, as Mil-Pro has done in this case. See National Union Fire Ins. Co. v. Salter, 717 So.2d 141 (Fla. 5th DCA 1998), rev. denied, 727 So.2d 908 (Fla.1999). As consideration for the assignment, All American has simply agreed not to pursue its legal rights against Mil-Pro.
Bytek, however, contends that the settlement agreement is a means to circumvent this court’s ruling that All American cannot sue Bytek directly for negligence or strict liability. We disagree. As the assignee of Mil-Pro, All American can only assert Mil-Pro’s claims against Bytek. The measure of those damages (All-American’s contract damages provable against Mil-Pro) and Bytek’s liability therefore to Mil-Pro, are issues which must be resolved by future proceedings in this case. This is a different cause of action than All American’s direct claims against Bytek.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ„ concur.