ALEXANDER FEINSTONE, *Plaintiff in Error*, VS. ALLISON HOSPITAL, INC., a Florida corporation, *Defendant in Error*.

143 So. 251.

Division B.

Opinion filed August 2, 1932.
Petition for rehearing denied August 23, 1932.

*Benjamin Axleroad,* for Plaintiff in Error;

*Blackwell & Gray, Shutts & Bowen,* and *Herbert S. Sawyer,* for Defendant in Error.

DAVIS, J.—In the month of February, 1927, plaintiff in error Feinstone, who was plaintiff in the court below, was injured by an automobile. Blood poisoning set in, and the leg had to be amputated.

In an action *ex delicto* brought by Feinstone against Allison Hospital, Inc., for alleged malpractice in connection with the treatment of plaintiff's original injury, the hospital filed pleas to the effect that prior to the institution of plaintiff's action against it, plaintiff had instituted an action against the initial tort feasor, J. C. Duncan, Jr., for recovery of damages for the injury suffered by the plaintiff, for which injury the hospital was hired by the plaintiff to treat him, being the same and identical injury referred to in plaintiff's declaration in the instant suit; that Feinstone had settled and compromised the action against J. C. Duncan, Jr., for the sum of $3500.00 and had executed his release therefor; that the payment of the consideration for the release was accepted by Feinstone and that a written release under seal had been executed by him prior to the filing of a praecipe for summons àd respondendum in the present case; that by reason of the plaintiff's execution of the release and the acceptance of full compensation for the injury from J.

C. Duncan, Jr., plaintiff in the present case against the Allison Hospital, Inc., was barred from prosecuting his action, because of the discharge and satisfaction of the original wrong done by J. C. Duncan, Jr.

The plea was held good on demurrer. Plaintiff thereupon declined to reply or join issue on same, whereupon final judgment of non prosequitur was entered against plaintiff on defendant's motion. The case is before us on writ of error taken to that judgment and the proposition presented is whether or not the plea of release and satisfaction was a good answer to plaintiff's declaration against Allison Hospital, Inc.

The declaration shows that Feinstone was admitted to the Allison Hospital as a patient therein for treatment for an adequate compensation in that behalf paid by plaintiff to the hospital; that by carelessness and negligence of the hospital the injured leg of plaintiff contracted blood poisoning, which resulted in three successive amputations of plaintiff's leg in order to save his life; that the leg which was amputated is the same leg that was injured in the automobile accident and that the injuries caused to it by the hospital's alleged malpractice were all caused in the course of the hospital's handling of plaintiff as a patient received by it as a result of the original injury inflicted by the automobile.

This court has been recently committed to the rule that when one sustains personal injuries because of the negligence of another and uses due care in selecting a physician or hospital to treat his injuries and in following the advice and instruction of the physician or hospital throughout the treatment, and a poor result is obtained, or increased damages inflicted, because of the negligence of the physician or hospital, the negligence of the one who caused the original injury will be regarded as the proximate cause of the damages flowing

from the negligence of the physician or hospital, so as to impute liability therefor against the original tort feasor. J. Ray Arnold Lumber Corp. vs. Richardson, 105 Fla. 204, 141 Sou. Rep. 133. This is the prevailing rule in the United States. See Note 8 A. L. R. 506.

While the rule does not apply if through his negligence the physician or hospital causes a distinctly new injury* (Purchase vs. Seelve 231 Mass. 434, 121 N. E. 413, 8 A. L. R. 503) nevertheless, if the plaintiff in his action against the original wrongdoer could have recovered all the damages sustained by him, whether they arose directly from the casualty or from the fact that the physician or hospital did not by proper treatment or care produce as good recovery as due care on the part of such hospital or physician would have produced, or negligently aggravated the extent of the injury, the rule does apply. Keown vs. Young, 129 Kan. 563, 283 Pac. 511.

The rule is well settled that if two or more wrongdoers negligently contribute to the personal injury of another by their several acts, *which operate concurrently,* so that in effect the damages suffered are rendered inseparable, they are jointly and severally liable. Feneff vs. Boston & Maine R. R., 196 Mass. 575, 82 N. E. 705 (707) and cases cited.

And upon the theory of the case just cited, it must be held that when one sustains personal injuries because of the negligence of another and settles his claim for damages against such party, and executed to him a release and discharge of the cause of action, the damages in which are due to the several acts of negligence of the original wrongdoer and a physician or hospital which

---

*In this case a railway employee, being injured by negligence of the railroad company, was cut open on the wrong side by a physician who mistook the identity of the patient coming before him for treatment for a hernia caused by the railroad accident.

aggravates the injury, and no distinctly new injury is shown as the result of the negligence of the physician or hospital, such release covers and includes the injured person's claim for damages from injuries resulting from the negligence of a physician or hospital called upon by the injured party to treat his injuries, when there is not shown any lack of due care in selecting a physician, or in following his advice with respect to treatment.

Complete satisfaction for any injury received from one person in consideration for his release operates to discharge all who are liable therefor, whether joint or several wrongdoers. Martin vs. Cunningham, 93 Wash. 517, 161 Pac. 355. The rule that a release discharging the liability of one wrongdoer releases others applies not only to *joint* torts, strictly so-called, but also to cases where the negligent acts of two or more persons operate *concurrently* to the injury of another, or to the aggravation of his injury, so that, in effect, the damages sustained are rendered inseparable. Muse vs. DeVito, 243 Mass. 384, 137 N. E. 730; Staehlin vs. Hochdoerfer, (Missouri) 235 S. W. 1060.

In the cases cited the legal effect of the release did not depend upon the relationship between the tort feasor and the injured party, such as that of employment when injured. The effect of such releases arises out of the nature of the wrongdoer and the damages which may be recovered against the original wrongdoer for it. This is the predicate for the holding in Keown vs. Young, *supra,* which the court below followed and which we are constrained to adopt as sound in legal principle to be declared as the law applicable in this State.

Finding no error, the judgment must be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., concurs in the opinion and judgment.
ELLIS AND BROWN, J.J., dissent.