SAM E. NICHOLS, a sole trader doing business under the firm name and style of SAM NICHOLS & SON, v. SAUL ROTHKOPF.

185 So. 725.
Opinion Filed January 3, 1939.
Rehearing Denied January 28, 1938.

*Blackwell & Walker,* for Plaintiff in Error;

*Albert C. Fordham and Newman T. Miller,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review order granting new trial pursuant to judgment for defendant in a suit by a passenger in an automobile against the owner of a truck because of alleged injuries to the plaintiff caused by a collision between the automobile in which he was riding and defendant's truck on the highway.

There may be found in the record some evidence that both the driver of the automobile and the driver of the truck were guilty of some negligence but the learned Circuit Judge said in his order,

"From the evidence, it seems clear that the defendant was guilty of negligence. The apparent finding of the jury was to the effect that the defendant was not guilty of negligence, or that the plaintiff was guilty of contributory negligence, or that both were guilty of negligence. This seems to be quite contrary to the manifest weight of the evidence. This plaintiff was a passenger in the automobile. There seems to be nothing about his conduct that should bar his recovery. Particularly is this so, upon such a clear showing of negligence on the part of the driver of the

defendant's car, in turning a truck to the left on a public highway in front of approaching traffic, without any adequate warning, and apparently' within sight of approaching traffic, which could have been observed in due time, had the defendant's driver looked ahead on the road before making the left-hand turn."

We find that the record amply supports this' finding.

Unless the negligence of the driver of the automobile was the sole proximate cause of the injury, the defendant, if guilty of any negligence contributing to the proximate cause of the injury, would be liable. See Firestone v. Allison Hospital, 106 Fla. 302, 143 Sou. 251; Louisville etc. R. Co. v. Allen, 67 Fla. 257, 65 Sou. 8; Seaboard Air Line R. Co. v. Watson, 94 Fla. 571, 113 So. 716. In cases where the acts of two or more persons are negligent, however separate and distinct in themselves, and such acts of negligence are concurrent in producing injury to a third person, the liability of the negligent persons is both joint and several and the injured innocent party may sue one or all. Each of the negligent persons becomes liable for his neglect of duty. See Louisville etc. R. R. Co. v. Allen, supra.

There was no abuse of discretion in granting the new trial. So the order is affirmed.

So ordered.

TERRELL, C. J., and WHITFIELD, BROWN, and CHAPMAN, J. J., concur.