PEARSON, Chief Judge.
The appellants were the defendants in the trial court to an action brought by the plaintiffs for injuries received by Rhea Barcus in an intersectional automobile collision. The appeal is from a directed verdict as to liability for the plaintiffs and against the defendants. The verdict was directed as to liability at the conclusion of all of the evidence. The appellees have cross-appealed and assigned as error an order taxing cost upon the ground that the court improperly excluded an item of taxable costs.
The sole issue brought by appellant is whether the directed verdict as to liability *183 was correct under the facts of the case. At the time of the collision Rhea Barcus was one of two passengers in a two-seated 1958 MG sports car driven by Billy Motta. Edward LeMeur, the other passenger, was sitting in the passenger seat with Rhea Barcus either sitting on his lap or in the small space between the bucket-type seats. The car in which the appellee was riding was proceeding west on Miami Gardens Road, a four-lane thoroughfare. It was in the inside median lane.
The appellant, Jack Greenbaum, was the driver of a Mercury automobile which collided with the automobile in which the ap-pellee Rhea Barcus was a passenger. Mr. Greenbaum testified that he was proceeding east on Miami Gardens Road and was making a left turn in order to go north when the collision occurred. The record is clear that at the time and place of making the turn Mr. Greenbaum’s length of vision of oncoming traffic on Miami Gardens Road was for a distance of from 600 to 700 feet. Mr. Greenbaum testified that he did not see the oncoming automobile in which appellee was a passenger.
Upon these facts the trial judge directed a verdict as to liability upon the ground that (1) any negligence of the driver of the MG would not be imputed to the plaintiff passenger Rhea Barcus; (2) there was no showing of any contributory negligence of Rhea Barcus, even though she was sitting entirely or partly on the lap of another passenger in the sports car at the time of the injury; (3) the negligence of the defendant-appellant Greenbaum was established by his own admission that he did not see the approaching automobile in which the appellee Rhea Barcus was a passenger when he clearly could have seen the oncoming automobile.
Upon this judgment on a directed verdict the evidence in this record must be viewed in the light most favorable to the appellants because they are entitled to all reasonable inferences from the evidence. Purdue v. Vogelsang, Fla.App.1964, 166 So.2d 902. The question thus becomes whether the record contains any evidence which would sustain a reasonable view that the appellant Greenbaum was not guilty of negligence directly contributing to the accident, or that the appellee Rhea Barcus, individually, was contributorily negligent.
It is suggested that the jury could have found the plaintiff contributorily negligent because of her unorthodox position in the sports car. The jury could have believed that Miss Barcus was sitting on the other passengers lap or they could have found that she was seated on a cushion between the driver and the passenger. They could have found that she was in the act of kissing or being kissed by the passenger. It is not shown by the record or in argument that any of these facts permit an inference that the plaintiff interfered with the operation of the automobile. She was not in the driver’s line of vision nor is it shown how her position could have limited the guidance or braking of the automobile. We are at loss as to the inference which would support a reasonable finding of contributory negligency by the plaintiff-passenger.
The appellants rely principally upon two cases: WFTL Broadcasting Co. v. Newman, Fla.App.1969, 224 So.2d 359, and Chowning v. Pierce, Fla.App.1965, 174 So.2d 42. It is argued that these two cases are authority for the reversal on the holding that a simple failure to observe an oncoming automobile is not in itself sufficient to establish the negligence of a left-turning driver. We hold that these cases do not stand for this proposition. In each instance the cases hold that under the particular factual situation there presented the record did not conclusively establish the negligence of the left-turning driver. A review of the record in the instant case convinces us that the trial judge properly held that there was no reasonable view of the evidence before the court under which *184 the defendant Greenbaum could have been held to be free of negligence. It was established by expert testimony that the MG could not have traversed the open distance of at least 600 feet in the time that it would take a cautious driver to cross the lane of traffic. Under these circumstances the failure to see the oncoming automobile was a direct cause of the accident. Nichols v. Rothkopf, 135 Fla. 749, 185 So. 725 (1939); Bessett v. Hackett, Fla.1953, 66 So.2d 694; Liefer v. Walton, Fla.App. 1962, 140 So.2d 350; F.S. 317.411, F.S.A.
The remaining question to be determined is upon appellee’s cross-assignment which urges that the court erred in failing to award to the plaintiff cost expended by her attorney in travelling to Chicago to take a deposition de bene esse of her treating physician. The factual basis for the travel expense incurred was that the plaintiff, a resident of Illinois, was injured while vacationing in Florida. She received treatment for injuries by doctors in her home state. In order to adequately prove her case in court she needed her doctors testimony; she therefore used the depositions which were introduced into evidence at the trial.
The cost bill submitted totalled $2,809.62. The trial judge assessed the sum of $1,774.10. We have no record of the proof offered to substantiate any item. Appellee argues that she was denied unspecified items for “the cost of one lawyer travelling to Chicago to obtain testimony.” Two items pertaining to such travel appear in the cost affidavit: $204.20 plane fare, $43.95 taxi fare. We are unable to determine from this record whether the trial judge found the items of expense unnecessary or unreasonable, or even that these particular items were among those denied. Upon this state of the record we are unable to hold as a matter of law that the trial judge abused his discretion in allowing $1,774.10 as costs. See Wilson v. Rooney, Fla.App.1958, 101 So.2d 892.
Affirmed.