294 So.2d 38 (1974)
RANDLE-EASTERN AMBULANCE SERVICE, INC., et al., Appellants,
v.
Corrine MILLENS, Appellee.
No. 73-523.
District Court of Appeal of Florida, Third District.
March 26, 1974.
Rehearing Denied May 21, 1974.
*39 Blackwell, Walker, Gray & Powers and Mark Hicks, Miami, for appellants.
Podhurst, Orseck & Parks, Miami, for appellee.
Before CARROLL and HAVERFIELD, JJ., and MOORE, JOHN H. II, Associate Judge.
CARROLL, Judge.
This is an appeal by certain of the defendants from an adverse judgment in an action for damages for personal injuries.
On May 16, 1970, the plaintiff was involved in an automobile accident, a collision with an automobile driven by one Copelyn R. Love. Therein she received injuries to her head, shoulders and back. An ambulance was called to the scene. It was owned by the defendant Randle-Eastern Ambulance Service, Inc. and driven by the defendant Miguel Silva. Plaintiff was placed in the ambulance, which undertook to transport her to a certain hospital. En route the ambulance was involved in a collision with an automobile driven by Ralph D. Hitchcock, owned by Silvia Hitchcock. Another ambulance which was obtained took the plaintiff the remaining distance to the hospital.
On October 23, 1970, the plaintiff filed an action for damages for personal injuries against Love. In that action there was involved the question of whether, based on the evidence, the damages received in the two accidents were inseparable, or could be separately apportioned. That was so because of the rule of law pronounced by the Supreme Court in Feinstone v. Allison Hospital, 106 Fla. 302, 143 So. 251, 252, as follows:
"The rule is well settled that if two or more wrongdoers negligently contribute to the personal injury of another by several acts, which operate concurrently, so that in effect the damages suffered are rendered inseparable, they are jointly and severally liable."
Accordingly, in the action against Love, the court charged the jury with reference to that question as follows:
"The court charges you that if a plaintiff has suffered injuries as a result of two accidents occurring almost simultaneously, a jury should apportion the damages if they can do so in a logical and reasonable manner, but if there can be no apportionment then the defendant is liable for the entire damages, Washewich v. Le Fave [Fla.App.], 248 So.2d 670. Fugere v. Pierce, [5 Wash. App. 592], 490 P.2d 132 (Washington 1971)."
The jury in the Love case returned a verdict in favor of the plaintiff for *40 $10,000, following which the jury answered, in the negative a special interrogatory submitted by the court as to whether the damages in the two accidents could be apportioned. In the record of this case there were statements of counsel for defendants that the judgment entered in the Love case had been satisfied, but no proof thereof was presented in this case.
The present action was filed by the plaintiff against the Hitchcocks and their indemnity insurer and Randle-Eastern Ambulance Service, Inc. and its driver Silva and its liability insurer. The trial of the first action was held and completed while this second action was pending, and after answers of the defendants had been filed herein. Based on the outcome of the trial in the first action the defendants filed a motion to dismiss this action to which they attached certified copies of the charge of the court in the Love case regarding liability of the defendant for full damages if damages for the two accidents were inseparable, and copies of the verdict rendered in the first action and the answer to the special interrogatory, showing the jury had proceeded on the basis of inseparability of the damages. The motion was grounded on the theory the recovery against one of the jointly and severally liable tort-feasors would preclude action against another such tort-feasor. The motion did not submit evidence of satisfaction of the judgment in the Love case. The defendants' motion was denied. It was renewed on pretrial hearing, again with no proof of satisfaction of the Love judgment, and again was denied. Trial of this case resulted in a jury verdict in favor of the plaintiff against the defendants for $55,000 plus costs. Judgment was entered on the verdict. This appeal was taken therefrom by Randle-Eastern, its insurer and its driver Silva.
The appellants contend the trial court committed reversible error by denying their said motions. They rely on two rules of law. First, the rule quoted above, pronounced in the Feinstone case, and second, a rule that satisfaction of a judgment obtained against one tort-feasor who is jointly and severally liable with another will bar action against the other.
In Wm. G. Roe and Company v. Armour & Company, 5 Cir.1969, 414 F.2d 862, in dealing with the law of Florida regarding joint and several tort-feasors, the court said: "Joint and several liability is established however, where an act, subsequent in time, concurs with a prior cause to produce `inseparable' damages" (citing Feinstone v. Allison Hospital, supra).
In Weaver v. Stone, Fla.App. 1968, 212 So.2d 80, the court said: "Satisfaction of a judgment against one of several persons jointly and severally liable discharges the liability of the others. Leo J. Rosen Associates, Inc. v. Schultz, Fla.App. 1963, 148 So.2d 293; Restatement, Judgments, § 95. This rule obtains even though a judgment has not yet been rendered against the other tort-feasors." But see Talcott v. Central Bank & Trust Company, Fla.App. 1971, 247 So.2d 727, affirmed Fla. 1972, 262 So.2d 658.
The first of those rules of law is applicable to this case, establishing that the defendants in the two accidents were jointly and severally liable, when the damages resulting from the two accidents were inseparable.[1] The second rule relied on by the appellants is not applicable here, and the trial court correctly denied the defendants' *41 motions to dismiss this action. This is so because no evidence was presented of any satisfaction or of the nature of any satisfaction, if one was made of the judgment recovered by the plaintiff in the action against Love.
In affirming the final judgment in the present action we do not intend thereby to preclude the defendants from seeking relief, or that measure of relief from the judgment in this case to which they may be entitled, in event the final judgment entered in the Love action has been satisfied (Weaver v. Stone, supra) or partially satisfied (Talcott v. Central Bank & Trust Company, supra).
Affirmed.
NOTES
[1] The record in this case shows it was recognized from the medical testimony that the damages in the two actions could not be apportioned and were inseparable. For example, in this action the closing argument of the plaintiff's attorney to the jury included the following: "Not one doctor can tell you or told you that he could apportion those damages between the two accidents. You just cannot. * * * If the doctors cannot distinguish it, how can you distinguish it? * * * The damages and the injuries cannot be reasonably apportioned; and they [defendants] are responsible for all injuries she sustained on May 16."