300 So.2d 289 (1974)
Buster WALKER, Individually and As Administrator of the Estate of Janie A. Walker, Deceased, Appellant,
v.
U-HAUL COMPANY, INC., Etc., et al., Appellees.
No. 73-767.
District Court of Appeal of Florida, Fourth District.
September 20, 1974.
*290 Jos. D. Farish, Jr., and F. Kendall Slinkman, of Farish & Farish, West Palm Beach, for appellant.
William A. Foster and John R. Beranek, of Jones, Paine & Foster, West Palm Beach, for appellees.
OWEN, Chief Judge.
Appellant, plaintiff below, suffered an adverse summary judgment in his suit for damages arising out of the wrongful death of his wife, the judgment for appellees having been entered on the grounds that they were joint tort feasors with another against whom appellant had previously recovered and satisfied a judgment for the same damages sought in the instant case.
Appellant's wife had been killed in an automobile collision resulting from the negligence of Dalton Ray Humphrey while operating a truck owned by his employer, U-Haul Company of North Carolina, Inc. Appellant filed a wrongful death action as surviving spouse, and a survival action as personal representative of decedent's estate, naming both the operator and owner as defendants and alleging that their negligence was the proximate cause of appellant's damages. Appellant recovered a judgment which he satisfied. The instant suit was then filed against appellees, alleging that as owners of the truck being driven by Dalton Ray Humphrey and the tow bar by which Humphrey was towing another vehicle at the time, said defendants "did so negligently maintain, equip, operate, manage and control said trucks as to drive them against the vehicle being driven and operated by [the decedent]". Appellant also charged that defendants "were careless and negligent" in hiring Humphrey, and that the defendants were liable as the manufacturers of the tow bar since it "was inadequately designed, insufficient and faulty". Appellant sought the identical compensatory damages which had been claimed and recovered in the prior suit arising out of this accident. Upon satisfactory proof of this latter fact together with proof that the judgment theretofore recovered had been fully satisfied, the court entered summary final judgment for appellees.
It is clear that the alleged negligent conduct of appellees, though separate and distinct from the negligent conduct of Dalton Ray Humphrey, necessarily concurred in bringing about the collision resulting in the death of Mrs. Walker, and thus appellees were joint tortfeasors with Dalton *291 Ray Humphrey. Davidow v. Seyfarth, Fla. 1952, 58 So.2d 865; Nichols v. Rothkopf, 1939, 135 Fla. 749, 185 So. 725; Feinstone v. Allison Hospital, Inc., 1932, 106 Fla. 302, 143 So. 251; Louisville & Nashville Railroad Company v. Allen, 1914, 67 Fla. 257, 65 So. 8; Randle-Eastern Ambulance Service, Inc. v. Millens, Fla.App. 1974, 294 So.2d 38; Wm. G. Roe & Company v. Armour & Company, 5 Cir.1969, 414 F.2d 862; Red Top Cab and Baggage Company v. Masilotti, 5 Cir.1951, 190 F.2d 668; 32 Fla.Jur., Torts, Section 19, Page 148.
Appellees having been jointly and severally liable with Dalton Ray Humphrey for the compensatory damages being sought by appellant, the latter's satisfaction of his judgment against Dalton Ray Humphrey discharged the liability of appellees. Randle-Eastern Ambulance Service, Inc. v. Millens, supra; Weaver v. Stone, Fla. App. 1968, 212 So.2d 80; Prosser on Torts, 3rd Edition, Section 45, Page 268.
Appellant contends, alternatively, that his satisfying the judgment obtained against Humphrey and U-Haul Company of North Carolina, Inc. was intended to release only those defendants and not all joint tort feasors, and under the authority of Talcott v. Central Bank & Trust Company, Fla.App. 1971, 247 So.2d 727 (cert. disch. Fla. 1972, 262 So.2d 658), such satisfaction of judgment should be considered only as a pro tanto release under Section 768.041, F.S. Appellant also relies upon the case of Mathis v. Virgin, Fla.App. 1964, 167 So.2d 897 (cert. den. Fla. 1965, 174 So.2d 30). Both of these cited cases are readily distinguishable on the facts, and no question is raised in the instant case but that the satisfaction of the prior judgment which appellant obtained against Humphrey and U-Haul Company of North Carolina, Inc. was on its face free from any qualifications, restrictions or limitations. We also reject appellant's suggestion that the failure to construe Section 768.041, F.S. so as to include satisfactions of final judgments as well as releases and covenants not to sue renders the statute constitutionally infirm.
Concluding that the court correctly entered summary judgment in favor of appellees, such judgment is affirmed.
Affirmed.
WALDEN, J., and RUDNICK, VAUGHN J., Associate Judge, concur.