321 So.2d 433 (1975)
LEESBURG HOSPITAL ASSOCIATION, INC., a Florida Corporation, Etc., Appellant,
v.
Edward W. CARTER, M.D., et al., Appellees.
No. 75-640.
District Court of Appeal of Florida, Second District.
November 12, 1975.
John Edwin Fisher of Akerman, Senterfitt, Eidson & Wharton, Orlando, for appellant.
Edna L. Caruso of Howell, Kirby, Montgomery, D'Aiuto & Dean, West Palm Beach, for appellee Carter.
GRIMES, Judge.
This is an appeal from an order dismissing a third party complaint. The original suit was a malpractice action by Mrs. Prevatt against Leesburg Hospital Association, Inc. According to the second amended complaint, shortly following her surgery in the hospital, Mrs. Prevatt's condition worsened. When the hospital personnel were summoned, they are alleged to have negligently disregarded the results of the tests and readings performed on Mrs. Prevatt and to have failed to call a physician when they knew or should have known her vital signs were becoming critical. As a consequence, Mrs. Prevatt's physical condition became compromised to the extent that she suffered a heart attack.
*434 The hospital filed a third party complaint against Dr. Carter asserting that during the hours when Mrs. Prevatt's condition was worsening he came onto the hospital floor where he examined her and discussed the case both with her and with the nurses on duty. Dr. Carter is then alleged to have abandoned the patient in order to perform surgery on a different patient and to have ignored calls which informed him that Mrs. Prevatt's condition was worsening. In the meantime it is said that the nurses followed the instructions specifically left by Dr. Carter before he proceeded to surgery. The hospital claimed that the damages sustained by Mrs. Prevatt were the result of the delay between the initial examination of Dr. Carter and his return one and one-half hours later. The third party complaint sought relief against Dr. Carter, who was not an employee of the hospital, on theories of indemnification and contribution.
The third party complaint for indemnification cannot be sustained upon a theory of active versus passive negligence because, if at all, both the hospital and the doctor were guilty of active negligence. Cf. Winn-Dixie Stores, Inc. v. Fellows, Fla.App.1st, 1963, 153 So.2d 45; Armor Elevator Co., Inc. v. Elevator Sales & S., Inc., Fla.App.3d, 1975, 309 So.2d 44. Likewise, the third party complaint does not allege the violation of a duty owed by the doctor to the hospital. Cf. Seaboard Air Line Ry. Co. v. American District Electric Protective Co., 1932, 106 Fla. 330, 143 So. 316; Maybarduk v. Bustamante, Fla.App. 4th, 1974, 294 So.2d 374.
The hospital's claim for indemnification rests upon the rationale of Stuart v. Hertz Corporation, Fla.App.4th, 1974, 302 So.2d 187, in which it was held that a tortfeasor initially causing an injury has a right to seek indemnification against a physician for aggravating the injury in the course of his treatment. This case is in accord with the majority view on the subject throughout the nation. Annot., 8 A.L.R.3d 639 (1966).
While we agree with the principle of Hertz, we think it inapplicable in the instant case. The original tortfeasor and the doctor in Hertz were not joint tortfeasors as that term is generally understood. See Annot., 8 A.L.R.3d 639 at page 641. In Hertz, both the original tortfeasor and the doctor committed acts against the plaintiff which were demonstrably separable in time and effect. In the case at bar, even if it could be said that the alleged acts of the hospital and the doctor did not precisely coincide in time, nevertheless their acts combined to produce a single injury. The determination of whether two parties are joint tortfeasors should not depend upon split second timing.
When the negligent acts of two parties occur close together in point of time to cause a single injury, the difficulties in proving what portion of the damages were caused by each tortfeasor have led many courts to conclude that both are jointly and severally liable for all damages. See Annot., 100 A.L.R.2d 16 (1965). According to 74 Am.Jur.2d Torts § 62 (1974):
"Modern authority is generally in favor of the principle that joint, or more precisely, joint and several, liability may exist notwithstanding the absence of concerted action on the part of wrongdoers. Where the concurrent or successive negligent acts or omissions of two or more persons, although acting independently of each other, are, in combination, the direct and proximate cause of a single injury to a third person, and it is impossible to determine in what proportion each contributed to the injury, either is said to be responsible for the whole injury, even though his act alone might not have caused the entire injury, or the same damage might have resulted from the act of the other tortfeasor... ."
*435 In Louisville & N.R. Co. v. Allen, 1914, 67 Fla. 257, 65 So. 8, the Supreme Court quoted with approval the following statement:
"... `Where, although concert is lacking, the separate and independent acts of negligence of several combine to produce directly a single injury, each is responsible for the entire result, even though his act or neglect alone might not have caused it... .'"
In Feinstone v. Allison Hospital, Inc., 1932, 106 Fla. 302, 143 So. 251, the same court said that joint and several liability exists in circumstances where "two or more wrongdoers negligently contribute to the personal injury of another by their several acts, which operate concurrently, so that in effect the damages suffered are rendered inseparable." (Emphasis added.)
We believe that a fair construction of the third party complaint mandates the conclusion that if both the hospital and the doctor were negligent, their respective responsibilities for Mrs. Prevatt's condition cannot be legally separated so that the hospital could make out a claim for indemnification from the doctor.
At the time the third party complaint was dismissed, the law of Florida precluded contribution among joint tortfeasors. Rader v. Variety Children's Hospital, Fla.App.3d, 1974, 293 So.2d 778. Sensing the possibility that this rule might soon be changed, the lower court left the door open for amendment "in the event the Florida Supreme Court might alter the present law concerning contribution between joint tortfeasors." It did not take long for the change to come to pass. The legislature passed the Uniform Contribution Among Tortfeasors Act and specified that it should apply to all causes of action pending at the time of its passage. Fla. Stat. § 768.31 (1975). The Supreme Court confirmed the applicability of this act in Lincenberg v. Issen, Fla. 1975, 318 So.2d 386 (Opinion filed July 30, 1975), and at the same time rejected the principle of apportionment between defendants predicated upon percentage of fault. Since the hospital has stated a cause of action for contribution against the doctor under RCP 1.180(a), the order dismissing the third party complaint must be reversed.
McNULTY, C.J., and HOBSON, J., concur.