NATHAN, Judge.
This is an appeal by the defendant, Dr. James Lindsey, from an order dismissing with prejudice his third party complaint against third party defendant, Dr. George Blaine, in a medical malpractice action.
Plaintiff, Bernice Austin, filed a complaint alleging medical malpractice by Dr. James Lindsey, stemming from the surgical removal by Dr. Lindsey of a corn on the little toe of plaintiff Austin’s left foot, and the subsequent infection, osteomyelitis and impending gangrene resulting in amputation of the toe. Dr. Lindsey filed a third party complaint against Dr. George Blaine, who treated plaintiff Austin after surgery by Dr. Lindsey, alleging that it was Dr. Blaine’s negligence in administering treatment which resulted in the disease requiring amputation of the toe. Lindsey referred to himself as a “passive tort feasor,” and sought indemnification from the “active tort feasor,” Blaine. On motion of Dr. Blaine, the trial court dismissed the third party complaint with prejudice. We reverse.
Although the amended third party complaint sounds in indemnity, it states that,
“. . . whatever responsibility for damages, if any, may be ultimately determined by a jury, would be limited to the initial surgery and that Third Party Defendant is liable for any damages for osteomyelitis, impending gangrene and loss of BERNICE AUSTIN’S toe caused by Doctor GEORGE BLAINE’S negligence; that the Third Party Plaintiff is only secondarily liable for these aggravated damages and is but a passive tort feasor and as such is entitled to indemnification from the active tort feasor, GEORGE BLAINE, M.D.” (emphasis added)
While the third party complaint specifically seeks indemnification, it alleges, in effect; that defendant Lindsey’s liability, if any, would be limited to the initial surgery, and that the third party defendant Blaine, would be liable for any other damages to the plaintiff. This, then, states a cause of action for contribution, as authorized by Section 768.31, Florida Statutes (1975), the Uniform Contribution Among Tortfeasors *488 Act. See Leesburg Hospital Association, Inc. v. Carter, 321 So.2d 433 (Fla 2d DCA 1975), and Central Truck Lines, Inc. v. White Motor Corporation, 316 So.2d 579 (Fla 3d DCA 1975). Therefore, the third party complaint must be allowed to stand and it is up to the trier of fact to determine the extent of liability, if any, as between the two doctors.
Reversed.