CAMPBELL, Judge.
Appellant, Kenneth Wayne Roberts, appeals the trial court’s entry of summary judgment in favor of appellee, Rockwell International Corporation. We affirm.
On May 17, 1983, appellant filed suit against appellee for negligence, implied warranty and strict liability relating to injuries sustained by appellant while operating a ten-inch circular table saw manufactured by Delta Manufacturing Company (Appel-lee Rockwell’s predecessor in interest). Appellee answered the complaint and later, on leave of court, filed additional affirmative defenses, including that of res judicata and satisfaction of judgment. Appellee moved for, and the trial court granted, summary judgment for appellee on the basis of those affirmative defenses. The trial court, at the request of appellee, took judicial notice of portions of the record in ap *504 pellant’s previous action against Pasco County for the same injuries.
The facts established in that case show that on or about June 11, 1981, appellant was utilizing a ten-inch circular table saw to rip a sheet of plywood when the plywood bounced up out of the saw. As a result, appellant’s right hand was thrust into the unguarded saw blade amputating his index finger and thumb. The saw had been manufactured by Delta Manufacturing Company, appellee’s predecessor in interest.
Following appellant’s accident, he was transported to a hospital in Dade City. Appellant’s physicians decided to immediately transport appellant to Shands Teaching Hospital in Gainesville, where an expert in the field of microsurgery and revasculori-zation was waiting to perform surgery to reattach appellant’s amputated thumb and finger.
Pasco County Emergency Medical Service was hired to provide transportation to the hospital. Pasco County allegedly provided a vehicle with insufficient fuel and in poor mechanical condition to transfer appellant. The vehicle had to be started with jumper cables at the hospital in Dade City. In addition, the vehicle experienced further mechanical difficulty and became disabled along Interstate 75, somewhere south of Gainesville, which delayed appellant’s transport to the hospital. As a result of the delay, the surgeons at Shands were unable to repair the flexor tendons or digital nerves to appellant’s index finger and thumb because of massive swelling. Since the time of appellant’s initial surgery, he has had to have the index finger of his right hand amputated and his thumb repositioned. For all practical purposes, appellant has a malfunctioning right hand.
Appellant’s action against Pasco County alleged that it was negligent in failing to promptly transport appellant to Shands Teaching Hospital. Appellant estimated his damages at that trial as follows:
MEDICAL: $ 7,024.50
EST. FUTURE MEDICAL: $ 3,000.00
PAST WAGE LOSS: $ 42,572.92
EST. FUTURE WAGE LOSS: $191,549.00
EST. PAST PAIN AND SUFFERING: $ 19,000.00
EST. FUTURE PAIN AND SUFFERING: $ 43,080.00
EST. DISFIGUREMENT: $ 25,000.00
EST. LOSS OF CAPACITY FOR ENJOYMENT OF LIFE: $ 25,000.00
ESTIMATED TOTAL: $366,598.35
(The sum of appellant’s itemized damages totals $356,226.42. We cannot explain the discrepancy between that total and his “Estimated Total” of $366,598.35.)
The jury found that Pasco County was negligent and that negligence the legal cause of appellant’s damages. They found that appellant sustained $15,000.00 in damages.
Final judgment against Pasco County was entered for $15,000.00. A final cost judgment against Pasco County in the amount of $2,000.00 was later entered. Satisfaction of both judgments has been made.
The record in the case styled Kenneth Wayne Roberts v. Pasco County shows that appellant alleged the same damages, including aggravation of a pre-existing condition arising out of the same injury, as are alleged in the present action on appeal. Appellant was represented by the same attorney in both actions.
The medical evidence presented by appellant in the earlier trial focused on the issue of separability of the damages and disability as a result of Pasco County’s negligent delay in transportation. One doctor, who testified by deposition, stated that “the longer the ischemia time, the longer the, the more swelling there will be and the more probability of complications such as what we had.” That doctor was not asked whether he could medically distinguish between the injuries or resulting damages from the saw accident as opposed to the consequences of time delay and significant swelling which followed from Pasco County's conduct.
Another medical expert for appellant, whose testimony the jury heard and saw through videotape deposition, was asked if it was possible to delineate the conse *505 quences of the time delay, and told the jury, “No, I don’t think that’s possible.” He testified that although he felt the time delay, and its resulting complications, adversely affected appellant’s condition, that it was difficult to quantify and he could not say to what extent appellant’s condition was adversely affected.
Appellant’s counsel argued to the jury that he tried to examine his client’s total damages and see if he could apportion out what part of it was attributable to the County. He stated:
We know he would have had a cut hand. There is no question about that. He had a bad injury and I spent a lot of hours and a lot of time trying to do that. I couldn’t do it, and I don’t think any of the witnesses that testified can do it or could do it or did do it. So not being able to do that, in my own mind, and not having any real witnesses that could do that, could apportion it, we know it aggravates his condition.... We know he incurred additional expenses because of it, but we don’t know how much....

I told you, with all candor that I can muster, I can’t separate the damages.

When the jury comes back in with your assessment of what his total damages are, you have done that. You have struck that bell, rung that bell for the next 43.08 years and it can’t be unrung or rung again. ... You can’t do it, because once it’s done today, it’s done, and that is Wayne’s only day in Court.
In appellant’s action against Pasco County, the jury was instructed, in part, as follows:
There is no exact standard of measuring such damage. The matter should be fair and just in light of all the evidence; any aggravation of any existing disease or physical defect resulting from such injury. If you find that there was such an aggravation, you should determine, if you can, what portion of Kenneth Wayne Roberts’ condition resulted from the aggravation and make allowances in your verdict only for the aggravation.
However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition.
On this appeal from the summary final judgment against him, appellant raises a single issue.
WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR APPELLEE BASED UPON THE DOCTRINES OF RES JU-DICATA AND SATISFACTION OF JUDGMENT.
The trial court utilized two general rules in granting summary judgment for appellee. The first rule as set forth by the Florida Supreme Court in Feinstone v. Allison Hospital, 106 Fla. 302, 143 So. 251, 252 (1932), is as follows:
The rule is well settled that if two or more wrongdoers negligently contribute to the personal injury of another by their several acts, which operate concurrently, so that in effect the damages suffered are rendered inseparable, they are jointly and severally liable. (Emphasis supplied by the court.)
The second rule as set forth in Weaver v. Stone, 212 So.2d 80, 81 (Fla. 4th DCA 1968), is as follows:
Satisfaction of a judgment against one of several persons jointly and severally liable discharges the liability of the others.
The validity of these two rules is not disputed. Rather, appellant takes exception to the manner in which the trial court below applied the two rules. The satisfaction of the Pasco County judgment bars appellant’s action against appellee if, but only if, the damages suffered by appellant, caused by appellee and Pasco County, are inseparable. Appellant contends that the portions of the Roberts v. Pasco County record, presented by appellee, reveal that the jury separated the damages. There *506 fore, he argues that the satisfaction of the Pasco County judgment does not bar appellant’s action against appellee.
We do not agree that the record reveals such an apportionment of damages. The issue of whether appellant’s damages caused by Pasco County could be separated from the damages caused by appellee was presented to the jury by the jury instructions in Roberts v. Pasco County. However, the jury was not asked to explicitly answer this question by the process of special interrogatory, and appellant took the express and clear position in arguing to the jury that the damages could not be separated. Appellant, having elected to seek unapportioned damages from Pasco County, cannot now reject that election and seek damages from appellee as well.
We conclude this case is controlled by Randle-Eastern Ambulance Service, Inc. v. Millens, 294 So.2d 38 (Fla. 3d DCA 1974), cert. denied, 302 So.2d 416 (Fla. 1974). In Randle, the plaintiff was injured when her car collided with another car. The plaintiff was placed in an ambulance which was involved in a collision on the way to the hospital. The plaintiff brought suit against the driver of the other car in the initial collision. The jury returned a verdict for the plaintiff and answered in the negative a special interrogatory as to whether the damages in the two accidents could be apportioned. The plaintiff then brought suit against Randle-Eastern Ambulance Service and the owner and driver of the car involved in the second collision. Judgment for the plaintiff in the second suit was appealed. The court in Randle-Eastern found that the defendants in the two accidents were joint and several tort-feasors because the damages resulting from the two accidents were inseparable. (The judgment for the plaintiff was affirmed, however, because the appellants failed to establish that the judgment against the driver of the first car had been satisfied.)
Appellant attempts to distinguish Randle-Eastern because the jury there returned a special verdict specifically finding that damages could not be apportioned. We think, because of the circumstances in the case at bar, that is a difference without any substance. The appellant, in his case against Pasco County, could have sought a special verdict on the question of apportionment, but elected not to. Instead, he affirmatively argued to the jury that apportionment was not possible. We decline to speculate on the reasons behind the amount of the jury’s verdict. The posture of the case in Randle-Eastern was remarkably similar to that here, as the court there notes:
The record in this case shows it was recognized from the medical testimony that the damages in the two actions could not be apportioned and were inseparable. For example, in this action the closing argument of the plaintiffs attorney to the jury included the following: “Not one doctor can tell you or told you that he could apportion those damages between the two accidents. You just cannot. * * * If the doctors cannot distinguish it, how can you distinguish it? * * * rpjje ¿[amages and the injuries cannot be reasonably apportioned; and they [defendants] are responsible for all injuries she sustained on May 16.”
294 So.2d at 40, n. 1.
On what we perceive to be the underlying rationale behind the principle stated in Randle-Eastern, we affirm the summary final judgment of the trial court below.
DANAHY, A.C.J., and SCHOONOVER, J., concur.