473 So.2d 231 (1985)
ALBERTSON's, INC., a Florida Corporation, and Kyle Ward, Appellants,
v.
John W. ADAMS, D.O., Appellee.
No. 84-1883.
District Court of Appeal of Florida, Second District.
June 28, 1985.
Rehearing Denied August 2, 1985.
*232 Jeffrey R. Fuller of Williams, Brasfield, Wertz, Fuller & Lamb, P.A., St. Petersburg, for appellants.
George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellee.
SCHEB, Judge.
Albertson's, Inc., and Kyle Ward, a pharmacist employed by Albertson's, appeal a final order dismissing their amended third-party complaint against John W. Adams, D.O., with prejudice. On appeal we examine the appellants' contention that they are entitled to contribution from Dr. Adams under Florida's "Uniform Contribution Among Tortfeasors Act," section 768.31, Florida Statutes (1983).
This action arose as a result of injuries sustained by Naomi Huprich following her use of the drug "Proloid" for about six months in 1983. Mrs. Huprich filed a complaint against Albertson's and Ward alleging that they had negligently dispensed "Proloid" when, in fact, Dr. Adams had prescribed "Prolixin" to help ease the suffering associated with Mrs. Huprich's cancer. The complaint stated that the improper prescription was delivered to Mrs. Huprich on a refillable-as-needed basis. Her continued use of the erroneously filled prescription allegedly resulted in adverse physical and mental reactions leading to her subsequent hospitalization in late 1983. She alleged that Dr. Adams discovered the prescription had been improperly filled on the fifth day of her hospitalization.
Appellants answered Mrs. Huprich's complaint and filed a third-party complaint against Dr. Adams for contribution. The third-party complaint alleged that Dr. Adams was jointly or severally liable with appellants because of his negligence in the following instances:
a. Allowing an employee of his to make a telephone prescription order on behalf of a patient instead of doing it himself to insure its accuracy;
b. Failing to monitor his patient's use of the prescription over an approximate six (6) month period;
c. Failing to monitor refills of the prescription over an approximate six (6) month period; and
d. Failing to supervise and review prescription telephoning by employees.
Albertson's and Ward additionally alleged that Dr. Adams' employee had erroneously ordered Proloid for Mrs. Huprich instead of Prolixin.
Dr. Adams moved to dismiss the third-party complaint on several grounds. First, that the complaint failed to allege that Dr. Adams' conduct in allowing an employee to make a telephone prescription order fell below the accepted standard of care exercised by physicians in the community. Next, that the complaint failed to state a cause of action for contribution because Dr. Adams' alleged actions were not jointly performed with appellants, but were separable in time and effect. Finally, that the claim for contribution was improper under Stuart v. Hertz Corp., 351 So.2d 703 (Fla. 1977), because a third-party suit would confuse the issue of appellants' liability and would eliminate the choice of Mrs. Huprich to determine the time, place, and manner in which to pursue any claim against her own physician. Dr. Adams' motion was granted with leave to appellants to amend their complaint.
*233 Appellants filed an amended complaint adding the allegation that Dr. Adams' conduct breached the accepted standard of care for similar health care providers. Dr. Adams again moved to dismiss on the basis of Stuart. The motion explained that if appellants had indeed provided Mrs. Huprich with the wrong prescription, the subsequent failure of Dr. Adams to recognize the error would not render him a joint tortfeasor. This motion was granted and the third-party complaint dismissed with prejudice on the authority of Stuart and this appeal ensued.
Section 768.31(2)(a) provides a right of contribution "when two or more persons become jointly or severally liable in tort for the same injury." In Stuart, the Florida Supreme Court determined that the doctrines of indemnity and contribution among subsequent tortfeasors are not cognizable under Florida law. See Underwriters at Lloyds v. City of Lauderdale Lakes, 382 So.2d 702 (Fla. 1980). Thus, a contribution action does not lie in the present case unless the allegations show the existence of joint and several liability. Consequently, the only issue before us is whether Dr. Adams' alleged actions render him a joint tortfeasor with appellants.
Joint and several liability exists where two or more wrongdoers negligently contribute to the injury of another by their several acts, which operate concurrently, so that in effect the damages suffered are rendered inseparable. Feinstone v. Allison Hospital, Inc., 106 Fla. 302, 143 So. 251 (1932). See also Annot., 100 A.L.R.2d 16 (1965); 74 Am.Jur.2d, Torts, § 62 (1974). Nevertheless, the determination of whether two parties are joint tortfeasors should not depend on split-second timing. See, for example, Leesburg Hospital Assoc. v. Carter, 321 So.2d 433 (Fla. 2d DCA 1975), where we held that, even though the alleged acts of the hospital and the doctor did not precisely coincide in time, their acts combined to produce a single injury.
Applying the above principles, we hold that the alleged actions of the parties in this case would not make them joint tortfeasors but, at most, distinct and independent tortfeasors. Hence, appellants do not have a cause of action for contribution against Dr. Adams.[1]
The amended third-party complaint essentially alleged three instances of negligence against Dr. Adams. The first was that he should not have allowed his employee to order the prescription by telephone instead of doing it himself. We are unaware of any prohibition against a physician allowing an employee to telephone a prescription to a pharmacy. However, we need not reach that question because it bears no relation to the issue of whether Dr. Adams and appellants are joint tortfeasors.
The second allegation was that Dr. Adams' office phoned in the wrong prescription. If this allegation is true, then appellants and Dr. Adams could not be joint tortfeasors. Dr. Adams and his employee would be solely responsible in that case and a judgment could not be entered against appellants.[2]
The third alleged instance of negligence was that if appellants were responsible for giving Mrs. Huprich the wrong prescription, then Dr. Adams was negligent in failing to timely diagnose the earlier negligence of appellants. Assuming that this was true, Dr. Adams would be at most a subsequent tortfeasor rather than a joint tortfeasor. See Stuart. See also Touche, Ross & Co. v. Sun Bank, 366 So.2d 465 (Fla. 3d DCA), cert. denied, 378 So.2d 350 (Fla. 1979) (the duty and conduct of the parties was totally separate and apart in time and substance).
Finally, we agree with Dr. Adams that to allow appellant's amended third-party *234 complaint would eliminate Mrs. Huprich's choice of whether to pursue a claim against her physician. See Stuart.
Accordingly, we affirm the order dismissing appellant's amended third-party complaint with prejudice.
RYDER, C.J., and OTT, J., concur.
NOTES
[1] We note that a factual situation could exist which might support an action against a doctor and a pharmacist as joint tortfeasors; thus, we limit our affirmance to the narrow issue presented in this case.
[2] Our conclusion that appellants do not have a cause of action against Dr. Adams under section 768.31(2)(a) does not preclude them from attempting to establish the defense that Dr. Adams' employee erroneously telephoned an order for Proloid instead of Prolixin.