527 So.2d 943 (1988)
Rosario SILVA, Etc., Appellant,
v.
Ilene STEIN, Appellee.
No. 87-2629.
District Court of Appeal of Florida, Third District.
July 5, 1988.
Dixon, Dixon, Nicklaus, Valle & McIntosh and William G. Edwards, Miami, for appellant.
Fred G. Prichason, North Miami Beach, for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
As a result of what the jury found was the negligent application of a permanent wave by the appellant's employee  notwithstanding that Ms. Stein informed the beautician that she was adversely susceptible to the chemical solution required  Ms. Stein sustained a severe immunological reaction which was literally unprecedented in medical history. On this ground, the defendant beauty shop owner claims that since the extent of the plaintiff's injury was thus "unforeseeable," the defendant is not liable. In support of this contention, the appellant cites the principles exhaustively explored in Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983). This contention and that reliance are entirely misplaced in this situation. Stahl's foreseeability and proximate cause principles are applicable only in the determination of the defendant's liability for the initial adverse contact with the plaintiff. They have no pertinence to the issue of whether, once that contact has occurred, the defendant is responsible for whatever *944 adverse consequences the plaintiff suffers  whether they are "foreseeable" or not. It is the familiar but accurate doctrine that "the tort feasor takes the plaintiff as he finds him" which is instead controlling. As Prosser accurately puts the point and makes the distinction:
There are some areas in which even the courts which have been most vocal in favor of the `foreseeable risk' limitation upon liability have been forced to discard it. There is almost universal agreement upon liability beyond the risk, for quite unforeseeable consequences, when they follow an impact upon the person of the plaintiff.
It is as if a magic circle were drawn about the person, and one who breaks it, even by so much as a cut on the finger, becomes liable for all resulting harm to the person, although it may be death. The defendant is held liable when the defendant's negligence operates upon a concealed physical condition, such as pregnancy, or a latent disease, or susceptibility to disease, to produce consequences which the defendant could not reasonably anticipate. The defendant is held liable for unusual results of personal injuries which are regarded as unforeseeable, such as tuberculosis, paralysis, pneumonia, heart or kidney disease, blood poisoning, cancer, or the loss of hair from fright. The defendant of course is liable only for the extent to which the defendant's conduct has resulted in an aggravation of the pre-existing condition, and not for the condition as it was; but as to the aggravation, foreseeability is not a factor. One of the illustrations which runs through the English cases is that of the plaintiff with the `eggshell skull,' who suffers death where a normal person would have had only a bump on the head; and an obviously related rule is that the defendant who kills another must take the chances, as to damages for the death, that the other has a large income, although the defendant had no reason to expect it.
W. Prosser & W. Keeton, The Law of Torts § 43, at 291-292 (5th ed. 1984).
We likewise find without merit the appellant's claim that the evidence is insufficient to show negligence or causation. See Banfield v. Addington, 104 Fla. 661, 140 So. 893 (1932).
Affirmed.