573 So.2d 51 (1990)
Thomas POOLE, et al., Appellants/Cross Appellees,
v.
The LOWELL DUNN COMPANY, et al., Appellees/Cross Appellants.
No. 88-2951.
District Court of Appeal of Florida, Third District.
December 26, 1990.
Clarification Denied February 15, 1991.
*52 Sams, Beckham, Spiegel, Alger & Criscione, Cooper, Wolfe & Bolotin and Sharon L. Wolfe, Miami, for appellants/cross appellees.
O'Conner, Sinclair, Tunstall & Lemos and William R. Lemos, Coral Gables, for The Lowell Dunn Company.
Kimbrell & Hamann and Jennifer Drechsel Bailey, Miami, for Capeletti Bros.
Blackwell & Walker and Douglas H. Stein, Miami, for Rinker Southeastern Materials, Inc.
Before BASKIN, FERGUSON and LEVY, JJ.
LEVY, Judge.
Thomas Poole and Sharon Poole, the plaintiffs, appeal an adverse final judgment in their personal injury case against defendants The Lowell Dunn Company, Rinker Southeastern Materials, Inc., A.J. Capeletti, Inc., and Capeletti Brothers, Inc., each of which were engaged in blasting operations. The defendants cross-appeal several evidentiary rulings of the trial court. We reverse on the main appeal based upon our finding that the trial court erred in giving the jury confusing and misleading jury instructions. We affirm on the cross-appeal finding that the evidentiary issues raised by the defendants do not constitute error.
The defendants each owned and operated limestone quarry pits in northwest Dade County. The defendants began blasting in the late 1960's or early 1970's using dynamite or slurry to blast out the lime rock. The plaintiffs had purchased a home approximately two miles away from the quarrying site in a nearby residential area in 1966. In 1973, the plaintiffs' home and pool began to crack. The plaintiffs reported experiencing a vibrating sensation. According to the plaintiffs, the daily booming and shaking was very emotionally disturbing, gave their child severe headaches, and created difficulties in their marriage which eventually led to a divorce. The plaintiffs sought damages for the blasting activities during 1978 and thereafter, on theories of nuisance and strict liability.[1]
The trial court ruled, as a matter of law, that blasting is an ultrahazardous activity, and directed a verdict in favor of the plaintiffs on the issue of strict liability. The court limited the plaintiffs' damages to property damage, finding that damages for emotional distress are unavailable in strict liability cases. Emotional distress remained a recoverable element under the plaintiffs' nuisance claim.
At the charge conference, the trial court agreed to give the defendants' requested jury instruction regarding causation, over the plaintiffs' objection, in addition to the standard jury instruction covering that subject. The entire instruction regarding causation, with the second paragraph being the objectionable portion at issue, reads as follows:
With respect to the Defendants in this case, blasting is a legal cause of loss, injury or damage if it directly and in a natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage so *53 that it reasonably could be said that but for the blasting, the loss, injury or damage would not have occurred.
You are instructed that if the damage to the Plaintiffs' property may have resulted from two or more forces for only one of which a Defendant is responsible and that it is just as probable the damage resulted from a cause other than the blasting, as it was a result of the blasting of the Defendants, then you should find for the Defendants.
In order to be regarded as legal cause of loss, injury or damage, blasting need not be the only cause.
Blasting may be a legal cause of loss, injury or damage even though it operates in combination with the acts of another natural cause of other causes, such as another cause occurs at the same time as the blasting.
If the blasting contributed substantially to producing such loss, injury or damage, the blasting may solely be a legal cause of loss, injury or damage, even though it operates in combination with the act of another natural cause or other cause occurring after the blasting occurred.
The trial court also agreed, over the plaintiffs' objection, to give the defendants' requested jury instruction on nuisance, which conditioned legal cause and liability for nuisance on the absence of hypersensitivity. The pertinent portions of the instruction regarding nuisance read as follows:
The existence or non-existence of a nuisance generally turns on the factual questions of whether the use of the Defendants' property is reasonable use under the circumstances and whether this is attributable to sustaining injury resulting in actual material, physical discomfort, and not merely a tendency to injure, but the injury must be real and not fanciful or imaginary or such result in merely a trifling annoyance, inconvenience or discomfort.
To determine whether a nuisance existed and the gravity of the harm to the Plaintiffs, it must be weighed against the utility of the Defendants' conduct.
* * * * * *
If you find, by the greater weight of the evidence, it establishes that the gravity of the harm to the Plaintiff outweighs the utility of the Defendants' conduct, the test to be applied in determining whether a particular nuisance or inconvenience is such degree to constitute a nuisance, it is the effect of the condition on an ordinary, reasonable person with a reasonable disposition and ordinary health, possessing normal health and sensibility.

The law does not provide for those who are hypersensitive, and if the greater weight or the claim does not support the Plaintiffs, then the verdict is for the Defendants.
The jury returned a verdict for the defendants, finding that the blasting was not a legal cause of the plaintiffs' damages.
We recognize that the decision to give a particular jury instruction is within the discretion of the trial court and, absent a finding of prejudicial error, such decisions should not be disturbed on appeal. Goldschmidt v. Holman, 571 So.2d 422 (Fla. 1990). However, we find that in the instant case, the jury might reasonably have been confused or misled, thus resulting in a "miscarriage of justice," see § 59.041, Fla. Stat. (1989), which constitutes prejudicial error requiring reversal. See Florida Power & Light Company v. McCollum, 140 So.2d 569 (Fla. 1962).
First, we find that the trial court erred in giving the defendants' requested jury instruction regarding causation. The instruction read to the jury stated that "if the damage to the Plaintiffs' property may have resulted from two or more forces for only one of which a defendant is responsible and that it is just as probable the damage resulted from a cause other than the blasting," then a verdict for the defendants is required. Under Florida law, a defendant is still liable for the consequences of his conduct even though some other cause contributed to the same damage. *54 De La Concha v. Pinero, 104 So.2d 25 (Fla. 1958); Feinstone v. Allison Hospital, 106 Fla. 302, 143 So. 251 (1932). Accord, McLeod v. American Motors Corporation, 723 F.2d 830 (11th Cir.1984); Wm. G. Roe & Company v. Armour & Company, 414 F.2d 862 (5th Cir.1969). The portion of the causation instruction requested by the defendants misstated Florida law on causation by telling the jury that, in essence, the defendants were not liable if there was another cause for the damage which was more than 50% responsible.
The defendants argue, however, that the portion of the instruction that they requested, when read together with the rest of the instruction given by the trial court concerning causation, which included the correct standard instruction on causation, provided the jury with an instruction that, when considered as a whole, was correct. We disagree. The instruction gave the jury two contradictory and confusing charges concerning a major point in the case  causation. Providing the jury with two contradictory charges on the same point is inherently confusing, see McArthur v. St. Louis-San Francisco Railway Company, 306 So.2d 575, 578 (Fla. 1st DCA 1975), and constitutes reversible error even though one of the charges was correct. See Allstate Insurance Company v. Vanater, 297 So.2d 293 (Fla. 1974); Veliz v. American Hospital, Inc., 414 So.2d 226 (Fla. 3d DCA 1982), review denied, 424 So.2d 760 (Fla. 1982); Webb v. Priest, 413 So.2d 43 (Fla. 3d DCA 1982). As stated by the Florida Supreme Court in Allstate Insurance Company v. Vanater, 297 So.2d at 295 (citations omitted):
The trial court's instruction (however justifiable under the authorities before the trial judge) gave the jury two different standards of proof to apply, thus giving the jury contradictory instructions. This duel standard itself constitutes reversible error, irrespective of which standard correctly applies. An instruction which tends to confuse rather than enlighten the jury is cause for reversal if it may have misled the jury and caused them to arrive at a conclusion that otherwise they would not have reached.
The trial court was also in error in giving the defendants' requested jury instruction on nuisance, which conditioned legal causation and liability for nuisance on the absence of hypersensitivity, thereby giving the jury an instruction that did not clearly and accurately reflect Florida law. The court defined nuisance for the jury in terms of the "reasonable man" standard and then went on to state that "The law does not provide for those who are hypersensitive." This instruction told the jury that, even if a condition was such that it would be a nuisance to a reasonable man, sensitive people are not entitled to a recovery by virtue of their "hypersensitivity." This instruction was incorrect because, under Florida law, "the tort feasor takes the plaintiff as he finds him." See Silva v. Stein, 527 So.2d 943, 944 (Fla. 3d DCA 1988). A plaintiff's "hypersensitivity" does not affect the causal relationship between the defendant's conduct and the plaintiff's damages. The defendant's initial wrongful conduct is the proximate cause of the plaintiff's damages despite the fact that the wrong may not have caused that same degree of damage to an ordinary person. Silva v. Stein, 527 So.2d at 944; Hamblen v. Owens, 127 Fla. 91, 172 So. 694 (1937); W. Prosser & W. Keeton, The Law of Torts § 43, at 291-92 (5th ed. 1984). Thus, this erroneous instruction also constituted reversible error.
Reversed in part, affirmed in part.
NOTES
[1] Other homeowners in the area had similar experiences reporting that their homes were cracked and that the blasting interfered with their lives. Approximately 80 other residents filed suit seeking separate damages. The plaintiffs' case was tried first as a test case for the others.