604 So.2d 1246 (1992)
OLD ISLAND FUMIGATION, INC., Appellant,
v.
Kathleen BARBEE, etc., et al., Appellees.
No. 92-832.
District Court of Appeal of Florida, Third District.
September 1, 1992.
*1247 Kenney Burd Knutson & Markowitz, and Madelyn Simon Lozano, Miami, for appellant.
Leesfield and Blackburn, and Ira H. Leesfield, and Mycki L. Kirn, Miami, for appellees.
Before NESBITT, JORGENSON and GODERICH, JJ.
PER CURIAM.
Old Island Fumigation, Inc., appeals from an order of summary judgment holding it strictly liable for damages to occupants of a building adjacent to the building fumigated. We affirm.
Old Island fumigated buildings A and B of a condominium complex. Buildings A and B, together with building C, form a U-shape; buildings B and C have between them an atrium and were thought to be separated by an impenetrable fire wall. Although Old Island evacuated occupants of buildings A and B before the fumigation, the company advised the occupants of building C that they could remain in their dwellings while the other buildings were treated.
Several residents of building C became ill shortly after the Vikane gas was released into the adjacent buildings. The hospital admission forms indicate that the cause of their illnesses was sulfuryl fluoride poisoning. Sulfuryl fluoride is the active chemical ingredient of Vikane.[1]
Several months after this incident, an architect hired by the fumigation company discovered that the fire wall between buildings B and C was defective and contained a four-foot-by-eighteen-inch open space through which the gas had entered building C. The defect was only visible from a vantage point within the crawl space and had been missed by various building inspectors and by the fumigation company itself during an earlier inspection.
The occupants of building C who had been felled by the Vikane fumes sued the fumigator for damages, alleging that they had suffered damages that resulted from the fumigator's acts. The fumigator defended on the ground that third parties  the architect and contractors  had actually caused plaintiffs' injuries by failing to construct properly the fire wall between buildings B and C. The plaintiffs moved for summary judgment arguing, inter alia, that the fumigator was strictly liable for damages caused by its performance of an ultrahazardous activity. The trial court granted the motion; the fumigator appeals.
Old Island Fumigation, Inc., is strictly liable for damages caused to the plaintiffs by its fumigation of the condominium complex. Fumigation is an ultrahazardous activity as it "necessarily involves a risk of serious harm to the person, land, or chattels of others which cannot be eliminated by the exercise of the utmost care, and is not a matter of common usage." Cities Serv. Co. v. State, 312 So.2d 799 (Fla. 2d *1248 DCA 1975) (applying Restatement of Torts § 520 (1938) and Restatement (Second) of Torts § 520 (Tentative Draft No. 10, 1964)) (factors to be considered in determining whether activity is ultrahazardous activity are: whether activity involves high degree of risk of harm to property of others; whether potential harm is likely to be great; whether risk can be eliminated by exercise of reasonable care; whether activity is matter of common usage; whether activity is appropriate to place where conducted; whether activity has substantial value to community); Great Lakes Dredging & Dock Co. v. Sea Gull Operating Corp., 460 So.2d 510 (1984) (same); see also Luthringer v. Moore, 31 Cal.2d 489, 190 P.2d 1 (1948) (fumigation is ultrahazardous activity). Old Island Fumigation is thus liable regardless of the level of care exercised in carrying out this activity.
Any alleged negligence by a third party does not free the fumigation company from liability. In a case involving blasting, an ultrahazardous activity, this court held that "[u]nder Florida law, a defendant is still liable for the consequences of his conduct even though some other cause contributed to the same damage." Poole v. Lowell Dunn Co., 573 So.2d 51, 53 (Fla. 3d DCA 1990). See also Restatement (Second) of Torts § 522 (Tent.Draft 1968) ("One carrying on an abnormally dangerous activity is subject to strict liability for the resulting harm although it is caused by the unexpectable innocent, negligent or reckless conduct of a third person ...").
The reason for imposing strict liability upon those who carry on abnormally dangerous activities is that they have for their own purposes created a risk that is not a usual incident of the ordinary life of a community. If the risk ripens into injury, it is immaterial that the harm occurs through the unexpectable action of a human being... . This is true irrespective of whether the action of the human being which makes the abnormally dangerous activity harmful is innocent, negligent or even reckless.
Restatement (Second) of Torts § 522 cmt. a (Tentative Draft No. 10, 1968).
In sum, the trial court properly entered summary judgment against Old Island Fumigation on the issue of liability.
AFFIRMED.
NOTES
[1] The record is uncontroverted that the plaintiffs were poisoned by the Vikane gas used by the fumigator.